# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422

---

| | |
|---|---|
| Appellate Court Caption | ROSESTONE INVESTMENTS, LLC, Assignee of Aurora Loan Services, LLC, Plaintiff-Appellee, v. JAMES GARNER, Defendant-Appellant. |
| | |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-3422 |
| | |
| Opinion filed | November 7, 2013 |
| Opinion withdrawn | December 2, 2013 |
| Opinion filed | December 12, 2013 |
| Rehearing denied | January 14, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Upon consideration of defendant's baseless and inadequate *pro se* appeal from the trial court's order in a mortgage foreclosure case confirming the sale of defendant's property, the trial court's order was affirmed, since plaintiff's filings resolved any issues as to its standing to institute the foreclosure action, defendant waived any right to contest service of process, and the record refuted defendant's claims that the redemption period was "fraudulently shortened" and that the record was "insufficient." |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-34917; the Hon. Jean Prendergast Rooney, Judge, presiding. |
| | |
| Judgment | Affirmed. |

Counsel on
Appeal

James Garner, of Chicago, appellant *pro se*.

No brief filed for appellee.

Panel

JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.

Justices Lavin and Epstein concurred in the judgment and opinion.

**OPINION**

¶ 1     The instant cause involves a mortgage foreclosure case that has been ongoing for several years. Ultimately, defendant-appellant James Garner (defendant) appeals *pro se* from a trial court order confirming the sale of the subject property. He raises myriad contentions for our review and, throughout his brief on appeal, makes several accusations of impropriety against opposing counsel and the multiple trial court judges before whom his case appeared. As for the relief he seeks, he asks that we reverse several of the trial court's orders and judgments, remand the matter with directions to dismiss the foreclosure case in its entirety, and for any other relief deemed appropriate. For its part, plaintiff-appellee Rosestone Investments, LLC (plaintiff), which obtained the order of sale from the trial court, has chosen not to file a brief in this cause. Therefore, we consider the instant appeal on appellant's brief only, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). For the following reasons, we affirm.

¶ 2                                                    BACKGROUND

¶ 3     As we will discuss in more detail below, defendant's brief on appeal is woefully inadequate. With particular relevance to our effort to set forth the facts of this cause, we note that his "Statement of Facts" section, while containing record citations (though not always correct ones), comprises nothing more than a continuous rendition of his arguments and allegations of fraud and "unfairness" perpetuated against him by the trial court, plaintiff and plaintiff's counsel, all because he "has been targeted by the Democratic Machine for more than a decade." For this reason, we note that we present only those facts most relevant to our decision here and that we have taken them directly from the record.

¶ 4     The property at issue is located at 5114 South Damen Avenue in Chicago. Plaintiff filed its complaint to foreclose mortgage against defendant on September 19, 2008. As per the complaint, Resmae Mortgage Corporation held the original note on the mortgage, which was then transferred through "Mortgage Electronic Registration Systems" (MERS) and assigned to Aurora Loan Services, LLC. Eventually, the note was assigned to plaintiff Rosestone

Investments, LLC, as the assignee of Aurora Loan Services, LLC. Defendant's signature is clear and apparent upon the face of the note. Defendant was served via publication.

¶ 5 On February 10, 2009, defendant filed a motion to vacate; however, he did not ask that service be quashed. On the same date, plaintiff requested the entry of a judgment of foreclosure and filed a motion to shorten the redemption period to 30 days from the date of judgment, asserting that the property had been abandoned. Defendant failed to appear in court. The trial court denied plaintiff's motion to reduce the redemption period but did enter a judgment of foreclosure and order of sale.

¶ 6 Defendant filed a motion to vacate the judgment of foreclosure and order of sale, and this was granted by the trial court. The court further ordered defendant to appear in court and file his answer to the complaint, which he had not yet done, by February 28, 2009, and also set a status date for March 10, 2009. Defendant, however, did not appear or answer by the deadline. Instead, he filed a motion to substitute judge, an appearance and jury demand, and a pauper petition. Plaintiff filed a motion for default and to appoint a selling officer. The trial court granted plaintiff's motion at the March 10, 2009, status hearing, which defendant failed to attend. Although defendant still had not filed an answer or even a motion to extend the time to answer, he filed another motion to vacate the default and appointment, and the trial court kindly granted his motion. It denied his motion to substitute judge.

¶ 7 Defendant finally filed his answer to plaintiff's September 19, 2008, complaint on April 30, 2009. In it, he denied that he ever signed the mortgage note and that he was the owner of or had any interest in the property in question, and he did not assert any affirmative defenses. In addition to his answer, defendant also filed a motion to dismiss the complaint and a motion to reconsider the denial of his motion to substitute judge, accompanied by a copy of a letter of complaint he sent to the chief judge of the circuit court and a copy of a complaint he filed with the Judicial Inquiry Board. Plaintiff, meanwhile, filed a motion to vacate the trial court's last order vacating the judgment of foreclosure. Defendant did not appear in court. Due to scheduling conflicts and the pendency of multiple notices of appeal filed by defendant in our court[1] during this time, the cause was set aside and continued.

¶ 8 In October 2009, plaintiff again moved for default and foreclosure. In January 2010, the trial court entered and continued plaintiff's motion to vacate the court's order vacating the judgment of foreclosure. The court then struck defendant's motion to reconsider the denial of his motion to substitute judge; notably, defendant again failed to appear for this hearing. However, defendant filed another motion to vacate this, which was granted. The cause was then transferred to a different trial judge, who denied defendant's motion to substitute; defendant failed to appear for this hearing as well. Defendant filed yet another motion to vacate but, again, failed to appear and his motion was stricken.

¶ 9 Defendant then filed a motion to dismiss the cause, in which, for the first time, he raised

---

[1]By July 2010, defendant had filed at least five notices of appeal in our court challenging multiple orders issued against him with respect to this cause. Ultimately, our court had to enjoin and bar defendant from filing any further notices of appeal without leave of court, allowing only the instant appeal to stand.

the issue of standing. He alleged therein that plaintiff did not have the "legal capacity" to file for foreclosure in this case because, while it had filed its complaint against him on September 19, 2008, MERS had not executed the assignment of the mortgage to plaintiff until September 23, 2008, a few days later. Accordingly, and attaching the assignment of mortgage to his motion, defendant asserted that, at the time it filed the complaint, plaintiff was not the legal holder of the note. The trial court struck defendant's motion as untimely, but allowed him to refile the motion. The same series of events then repeated themselves: defendant filed the same motion to dismiss, he then failed to appear in court, and the trial court struck his motion. Defendant filed the same motion to dismiss for a third time, along with another motion to vacate. The trial court set a hearing date for September 1, 2010.

¶ 10    On that date, defendant again failed to appear in court. The trial court proceeded with the scheduled hearing on defendant's motions. Noting that the burden of establishing sufficient grounds for vacating the judgment was on defendant as the movant, the court examined the record and discussed how defendant had been less than diligent in pursuing this cause, had obtained delays by filing meritless and untimely appeals, and had failed to appear, answer or allege any affirmative defenses. Accordingly, the court denied his motion to vacate and struck his motion to dismiss.

¶ 11    Following this, defendant filed yet another motion to vacate. On November 15, 2010, the trial court again granted his motion to vacate; it further ordered him to file an answer, allowed him to file a motion to dismiss and set a status date for January 5, 2011. Defendant filed an answer, again denying that he ever signed the mortgage note or that he was the owner of or had any interest in the property; nor, again, did he assert any affirmative defenses to the foreclosure. Defendant also filed a motion to dismiss, again claiming that plaintiff did not have standing since it did not hold the note at the time it filed the original complaint in this cause.

¶ 12    Realizing its timing error, plaintiff filed the proper paperwork[2] with the trial court curing the issue of standing and demonstrating that it, indeed, was the holder of the mortgage note at the time it filed the complaint against defendant. Plaintiff attached these documents to a motion for summary judgment. Following further complaints against the trial court judges in this matter, such as their ignorance of the law, their deliberate violation of his constitutional rights, and their similarity to "dealers at a casino" who continue "to use the same marked deck of cards" against him, defendant filed a response to the motion for summary judgment reasserting the issue of standing. Examining all the documents before it, the trial court noted that the burden to prove lack of standing was on defendant, but that plaintiff had already established it did have standing to sue for foreclosure by presenting a copy of the original note bearing an endorsement in blank, along with its affidavit that it is

---

[2]Briefly, plaintiff presented a copy of the original note bearing an endorsement stamp from Resmae Mortgage Corporation, the original lender, with the line for the endorsee left blank, thereby making the note the equivalent of bearer paper payable to any party to whom the note was transferred. See 810 ILCS 5/3-205, 3-203 (West 2008). Plaintiff also provided an affidavit stating that it is the holder of the mortgage and the note, as well as a copy of the assignment of the note and mortgage to plaintiff, as assignee of MERS and as nominee for Resmae Mortgage Corporation.

-4-

the current holder of the mortgage and note. In addition, the court noted that defendant had not offered any evidence to show that he has not defaulted on the mortgage. Accordingly, the trial court entered an order granting plaintiff's motion for summary judgment.

¶ 13 Not surprisingly, defendant filed a motion to vacate the trial court's grant of summary judgment and included a request that the current trial judge substitute herself off the cause since she was "clearly in bed with the Democratic controlled Mayor Rahm Emanuel, who is in bed with the Daley mob, who Movant has been trying to sue, since 2004." Defendant also filed another motion to dismiss. However, once again, defendant failed to appear in court to argue his motions. Accordingly, the trial court struck these and then removed herself from the cause. With the case transferred to yet another trial judge, defendant filed an emergency motion to vacate and this time, he appeared in court. The trial court denied defendant's motion to vacate, as well as defendant's subsequent motions to dismiss and for substitution of judge.

¶ 14 Following this, the subject property was sold. Plaintiff filed a motion to confirm the sale. On October 10, 2012, the trial court granted plaintiff's motion, finding that it had proceeded in accordance with all the terms of the judgments in this cause. In November 2012, defendant, in a last-ditch attempt, filed one last motion to vacate the order confirming sale and to stay possession. In it, he made various accusations, including that his constitutional rights were violated, that he never received proper notice and that he was "wrongfully denied [the] opportunity to be present and heard" in a court of law. This is where the record in this cause ends.

¶ 15 ANALYSIS

¶ 16 This appeal is so inherently baseless that we could, and normally would, dispose of it with a brief summary order. Not only does defendant's brief fail to meet even the most simple requirements of our supreme court rules regarding form and procedure, but the merits of this cause, which we, like defendant himself, struggle to identify, clearly have no grounds in the law. However, due to the sheer amount of litigation surrounding this cause, which has spilled over into our court via defendant's continuous and unrelenting filing of notice of appeal upon notice of appeal upon notice of appeal, we have the opportunity here, with the instant decision, to, hopefully, lay this matter to rest once and for all.

¶ 17 First, we would be remiss if we did not, before turning to the discernable merits of this appeal, address, as a threshold matter, the multiple errors and omissions in defendant's brief. As we noted at the outset of our decision, it is woefully inadequate and represents a manifest disregard for the appellate rules. Defendant's brief does follow, at first glance, an appropriate format in that it contains headings like "Nature of the Case," "Statement of Jurisdiction," "Statement of Facts," and "Argument." However, aside from this, its substantive content is nowhere near as proper. While he provides a section entitled "Points and Authorities," he fails to list any real legal points and authorities. His fact section, as we stated earlier, is not a restatement of what occurred in this cause but, rather, is littered with confusing, nonsequential and argumentative statements. Defendant does cite to the record in support of the facts he asserts; however, many of these citations are to incorrect pages in the record. He

does not discuss any standard of review. He sets forth eight statements in his "Argument" section (which comprises only 1 of the 16 pages of his entire brief), but does not provide a single citation to legal precedent of any kind to support them nor even any lay explanation that would constitute a reasonable basis for his arguments to be heard. Moreover, not only are the majority of his statements merely conclusory, but they also misinterpret several trial court orders and are more focused on accusing plaintiff's counsel of a crime in violation of Illinois law than on using that law to further his own claims. He then concludes his brief with a section entitled "Table of Contents of Record on Appeal," which does not contain any such table of contents and states only that he "need[s] more time."

¶ 18     Clearly, defendant's brief is in severe violation of Illinois Supreme Court Rule 341(h) (eff. July 1, 2008). Our "rules of procedure are rules and not merely suggestions." *Ryan v. Katz*, 234 Ill. App. 3d 536, 537 (1992). Consequently, Rule 341's mandates detailing the format and content of appellate briefs are compulsory. See *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. It is of no matter that a party appears *pro se*; regardless of his status, no party is relieved of the duty to comply, as closely as possible, with the rules of our courts. See *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38; *Voris*, 2011 IL App (1st) 103814, ¶ 8. Where an appellant's brief contains numerous Rule 341 violations and, in particular, impedes our review of the case at hand because of them, it is our right to strike that brief and dismiss the appeal. See *Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (citing *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23 (failure to follow Rule 341 may result in forfeiture of consideration of issues on appeal)); see also *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004). Ultimately, we are " ' "not a depository in which the appellant may dump the burden of argument and research" ' " for his cause on appeal. *Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (quoting *Kic*, 2011 IL App (1st) 100622, ¶ 23, quoting *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)).

¶ 19     Accordingly, due to plaintiff's multiple failures regarding Rule 341 and the lack of form and content of his appellate brief, as we have outlined above, we would certainly be entitled to dismiss his appeal without any second thought. However, as we discussed, the circumstances here, due in large part to defendant's litigation techniques, are unique and we find that we are now provided at this time with the prime opportunity to resolve this matter and finally put this cause to rest. Therefore, despite the shortcomings of defendant's brief, we choose, in our discretion, to review this appeal. See *Estate of Jackson*, 354 Ill. App. 3d at 620 (reviewing court has choice to review merits, even in light of multiple Rule 341 mistakes).

¶ 20     Having so concluded, there is one other threshold matter present here. While it is not one that is in any way outcome-determinative, we wish to comment on it for the record. In the "Conclusion" section of his brief, defendant asks that we "reverse the Trial Court's Orders of October 12, 2012, November 17, 2011, and January 27, 2012, and the Trial Court's Judgment of January 27, 2012." As gleaned from the record, the October 12, 2012, order was the trial court's confirmation of the sale of the subject property, the November 17, 2011, order was the trial court's grant of plaintiff's motion for summary judgment, and the January 27, 2012, order and judgment was the trial court's judgment of foreclosure and order of sale. However, defendant's notice of appeal in this cause explicitly specifies that he is appealing

from the trial court's October 12, 2012, order, *i.e.*, the order confirming the sale of the subject property. This is the only order listed in the portion of the notice of appeal entitled "Date of the judgment/order being appealed." Moreover, under "Relief sought from Reviewing Court" in the notice of appeal, defendant clearly states "vacate Oct. 10, 2012 order and dismiss entire foreclosure case." Pursuant to Illinois Supreme Court Rule 303(b)(2) (eff. Sept. 1, 2006), when an appeal is taken from a specified judgment, the appellate court acquires no jurisdiction to review other judgments or parts of judgments not specified or inferred from the notice of appeal. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) ("[a] notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal"); accord *Hatchett v. W2X, Inc.*, 2013 IL App (1st) 121758, ¶ 26; see, *e.g.*, *In re J.P.*, 331 Ill. App. 3d 220, 234 (2002). Accordingly, we are technically bound to review defendant's citations of error with respect to only the trial court's October 12, 2012, order, and we may not consider any of the other orders from which defendant states he is seeking relief. Again, however, as we demonstrate below, this has, in reality, no relevance to our ultimate decision herein.

¶ 21 Defendant lists eight "issues" for our review in this appeal. Upon examination, these contentions can be boiled down to four.

¶ 22 The first of these is standing. Just as below, defendant's main legal argument is that plaintiff did not have standing to file this cause because, while it filed its complaint on September 19, 2008, MERS had not executed the assignment of mortgage to plaintiff until September 23, 2008, and, thus, plaintiff was not the legal holder of the note at the time it filed the complaint against him. We hold that defendant failed to prove plaintiff's lack of standing. See *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6-7 (2010) (defendant has burden in foreclosure case to plead and prove lack of standing as an affirmative defense).

¶ 23 Summary judgment is proper where the pleadings, depositions, admissions, and affidavits, viewed in the light most favorable to the nonmoving party, reveal no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2008). Summary judgment is a drastic measure and should only be granted when the moving party's right is clear and free from doubt. See *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. The entry of summary judgment is reviewed *de novo*. See *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). We may affirm on any basis found in the record. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004).

¶ 24 A mortgage assignee has standing to bring a foreclosure action. See 735 ILCS 5/15-1208 (West 2008) ("mortgagee" includes any holder of indebtedness or a person authorized to act on behalf of a holder); *Bayview Loan Servicing, L.L.C. v. Nelson*, 382 Ill. App. 3d 1184, 1188 (2008) (assignment transfers all right, title, and interest in the mortgage). Here, plaintiff repeatedly alleged in its complaint that it was MERS' assignee, establishing, subject to challenge, that it had standing to foreclose on the instant property. Plaintiff supported its claim that it was the assignee by attaching copies of the note and mortgage, each bearing defendant's signature. See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24 (attaching the note to the complaint is *prima facie* evidence that plaintiff owns the note).

Once a plaintiff has filed a complaint, a defendant may raise the plaintiff's lack of standing as an affirmative defense. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). The defendant has the burden of pleading and *proving* the plaintiff's lack of standing. See *Lebron*, 237 Ill. 2d at 252.

¶ 25　　Here, defendant raised plaintiff's lack of standing, but failed to meet his burden of proof. He offered a document entitled "Assignment of Mortgage," which was dated September 23, 2008, four days after the complaint was filed in this cause. Defendant produced no other evidence that would call plaintiff's standing into doubt, nor is there any sign that he attempted to obtain any other documents via discovery. Illinois courts have long held that a mortgage assignment may be oral or written. See *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 616 (1987); *Buck v. Illinois National Bank & Trust Co.*, 79 Ill. App. 2d 101, 105-06 (1967). Even when a written assignment exists, it may be a mere memorialization of an earlier transfer of interest. See *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 24. Defendant established that the assignment was documented on September 23, 2008. He did not, however, establish when MERS actually transferred its interest in the property to plaintiff. Specifically, he failed to show that the mortgage assignment he produced was not a mere memorialization of a previous transfer. Defendant could have, through depositions or interrogatories, definitively shown when plaintiff obtained an interest in the mortgage. Nothing in the record shows that defendant took these steps, however.

¶ 26　　Indeed, the evidence presented strongly indicates that plaintiff had a legal interest in the mortgage at the time the complaint was filed. Plaintiff attached copies of the note and mortgage to its complaint. Again, the mere attachment of a note to a complaint is *prima facie* evidence that plaintiff owns the note. See *Parkway Bank*, 2013 IL App (1st) 130380, ¶ 24. Additionally, the copy of the note it attached to its motion for summary judgment displayed a blank endorsement. A note endorsed in blank is payable to the bearer. 810 ILCS 5/3-205(b) (West 2008). Plaintiff's production of the note showed that it had an interest in the mortgage. Plaintiff also attached to its motion for summary judgment an affidavit from Allan Kirchman, plaintiff's employee, who averred that plaintiff was the holder of the note. It is therefore doubtful that plaintiff chose at random a homeowner against whom to file a foreclosure action. Rather, plaintiff filed the complaint in this case because, as the complaint, note, affidavit, and assignment show, it was assigned an interest in the property from MERS.

¶ 27　　Further, we observe that the function of standing is "to insure that issues are raised only by those parties with a real interest in the outcome of the controversy." *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004); see *Chicago Teachers Union, Local 1 v. Board of Education*, 189 Ill. 2d 200, 206 (2000). Given the complaint, mortgage assignment, affidavit, and note in this case, there is no question that plaintiff has a real interest in the outcome of this controversy. Thus, we reject defendant's standing claim.

¶ 28　　In reaching this conclusion, we acknowledge that the Second District's decision in *Gilbert*, 2012 IL App (2d) 120164, could be construed as reaching a different result. We believe the *Gilbert* court misplaced the burden of proof. Specifically, the court held that, after the defendant in that case had made a *prima facie* showing that the plaintiff lacked standing, the burden shifted to plaintiff, who failed to rebut the defendant's evidence. See *Gilbert*, 2012 IL App (2d) 120164, ¶ 17. To support this burden-shifting scheme, the *Gilbert* court

cited *Triple R Development, LLC v. Golfview Apartments I, L.P.*, 2012 IL App (4th) 100956, ¶ 12. However, that case concerned neither standing nor foreclosure proceedings. See *Triple R Development*, 2012 IL App (4th) 100956. Rather, it addressed the return of a deposit and the burden of *persuasion* on a motion for summary judgment. See *Triple R Development*, 2012 IL App (4th) 100956, ¶ 1. Contrary to the *Gilbert* court's application, and as we have just discussed, our supreme court has repeatedly held that lack of standing is an affirmative defense, which defendant alone has the burden to plead and prove. See *Lebron*, 237 Ill. 2d at 252; *Wexler*, 211 Ill. 2d at 22; *Chicago Teachers Union*, 189 Ill. 2d at 206; see also *Barnes*, 406 Ill. App. 3d at 6-7 (defendant has burden in foreclosure case to plead and prove lack of standing as an affirmative defense). It is unclear what result the *Gilbert* court would have reached had it required defendant, rather than plaintiff, to bear the ultimate burden. Indeed, neither party in that case established precisely when the plaintiff gained an interest in the property. See *Gilbert*, 2012 IL App (2d) 120164, ¶ 20. Regardless, we choose not to adopt the approach devised by the Second District.

¶ 29        The next series of arguments presented by defendant focus on service. He claims that he was not properly served with a notice of foreclosure and, thus, that his due process rights were violated. However, any question of service is quickly resolved by our review of the record. Defendant was served by publication. The documents accompanying this service are contained in the record, including an affidavit filed by plaintiff demonstrating the required due diligence with respect to inquiry into defendant's whereabouts. See, *e.g.*, *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472 (2006) (notice by publication requires honest and well-directed effort to ascertain whereabouts of the defendant by inquiry as full as the circumstances permit). There is nothing in the record, and defendant makes no argument, asserting that plaintiff did this improperly. See, *e.g.*, *Bank of New York*, 369 Ill. App. 3d 472. Moreover, regardless of all this, defendant cannot assert any claim against the propriety of service here because he voluntarily subjected himself to jurisdiction in this matter. Although he failed to appear in court several times (and we use the term "several" generously), and although he waited to file an answer to plaintiff's complaint for over seven months, he finally did so on April 30, 2009. By doing this, defendant waived all objections to the court's jurisdiction. See 735 ILCS 5/2-301(a-5) (West 2008) (when party files responsive pleading, he waives all objections to the trial court's jurisdiction over him); *Poplar Grove State Bank v. Powers*, 218 Ill. App. 3d 509, 515 (1991) (a defendant "may not, by his voluntary action, invite the court to exercise its jurisdiction over him while he simultaneously denies that the court has such jurisdiction"). We further point out that, in his answer, he never asked for service to be quashed. In fact, he never attacked service in any manner throughout this litigation. From all this, then, defendant has waived any right to contest service and, therefore, any issue regarding service provides no basis for us to disturb the trial court's decision below.

¶ 30        Defendant's third main contention on appeal involves the redemption period, *i.e.*, the time during which a defendant in a foreclosure suit has the opportunity to redeem the subject property. He claims that plaintiff "filed a fraudulent Motion to Shorten Redemption" which, he asserts, "violated Illinois law, under 735 ILCS 5/15-1603(b)" and rendered plaintiff's counsel "guilty of a Class B misdemeanor." We fail to see how this would comprise a basis

to reverse the foreclosure judgment here, as there is simply no legal merit to defendant's claim. It is true, as defendant notes, that section 15-1603(b) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/15-1603(b) (West 2008)) governs redemptions in mortgage foreclosure cases. It indicates that, generally, the redemption period is to extend three months from the date of entry of a judgment of foreclosure. Notwithstanding this, however, the Code allows the redemption period to be shorted to 30 days from the date of the entry of a judgment of foreclosure, if a trial court finds that the mortgaged property has been abandoned. See 735 ILCS 5/15-1603(b)(4) (West 2008). In the instant cause, on February 10, 2009, plaintiff filed a motion to shorten the redemption period to 30 days from the date of judgment, specifically asserting that the property in question had been abandoned. Pursuant to the Code, we find nothing wrong or "illegal" with plaintiff having filed this motion, especially when the record demonstrates that defendant had, up until then, refused to answer its complaint and then denied any interest in the property, and when plaintiff presented several pieces of evidence in support of its motion. In addition, and most significantly, the record clearly shows that the trial court denied plaintiff's motion and the redemption period was never shortened here. It was, and always remained, three months from the date of the entry of foreclosure. Thus, again, we find no ground to reverse on this basis.

¶ 31    Defendant's fourth and final contention on appeal is his assertion that "the Record for this foreclosure case[ ] has documents out of order, is woefully incomplete and is missing many vital documents." However, again, how this would entitle defendant to the reversal of the trial court's judgment below remains unseen. The appellant has the duty on appeal to present us with a complete record of the proceedings below so we may be fully informed of what occurred. See *Kapsouris v. Rivera*, 319 Ill. App. 3d 844, 849 (2001). Where the record is incomplete, we resolve any doubts against the appellant and presume that the order entered by the trial court conformed both to the law and to the facts of the case. See *Kapsouris*, 319 Ill. App. 3d at 849 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)). It is undisputed that defendant is the appellant here. Thus, the burden was on him to provide a complete record on appeal so that we could review his arguments. However, by his very own claim, he admits he failed in his duty as the appellant and, thus, were there any doubts arising from the record, they would be construed, contrary to his plea, against him and not in his favor and the trial court's judgment would be presumed correct. In addition, without more, we do not understand exactly what defendant is complaining about, namely, what "vital documents" he believes are missing from the record which makes it "woefully incomplete." He in no way describes for us what these may be. In contradiction, we find that the record fairly and fully presents the materials necessary for a decision on the questions raised in this cause. From our thorough review, it contains all the legally operative facts of this case–the mortgage note, the assignment, the pleadings and the trial court's decisions–thereby giving us all the evidence needed to evaluate his claims and make a proper decision here. Therefore, we find no reason to reverse the trial court's decision due to defendant's claim of an "insufficient" record.

¶ 32                                                CONCLUSION

¶ 33    Accordingly, for all the foregoing reasons, we affirm the judgment of the trial court.

¶ 34      In addition, we note that, during the pendency of this cause in our court, three motions were taken with this case, all filed by plaintiff: a motion to dismiss the appeal, a motion for Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994) sanctions to be imposed upon defendant, and a petition to hold defendant in contempt. In light of the circumstances presented, as well as our decision here, we deny each of these.

¶ 35      Having taken the opportunity to decide this cause with a full explanation of our reasons therefor, which are clearly supported both by the record and by the unmistakable propriety of the trial court's decision below, this should finally and conclusively resolve the litigation between the parties with respect to the instant matter.

¶ 36      Affirmed.