2020 IL App (1st) 192429-U

No. 1-19-2429

September 21, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PROTECTIVE INSURANCE COMPANY, as Subrogee of AD Studio DVR Company, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18 M3 6173 |
| SOFIYA TZONEV, | ) ) ) | Honorable Martin C. Kelley, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Pierce and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's judgment because the record on appeal is insufficient for review of defendant's claim.

¶ 2    Defendant Sofiya Tzonev appeals *pro se* from the trial court's order entering judgment in favor of plaintiff Protective Insurance Company, as subrogee of AD Studio DVR Company, in the amount of $7774.21. On appeal, defendant argues that the trial court's decision contradicted the

manifest weight of the evidence, and the court was biased against her because she proceeded *pro se*. We affirm.

¶ 3                                    BACKGROUND

¶ 4      The record on appeal lacks a report of proceedings. The following facts are taken from the common law record, which includes the court's docket entries, orders, and plaintiff's pleadings.

¶ 5      On August 14, 2018, plaintiff filed a complaint against defendant, alleging that on August 19, 2013, defendant negligently operated a motor vehicle and damaged a vehicle owned by plaintiff's insured. According to the complaint, plaintiff paid its insured $7214.68 and sought this amount from defendant, plus costs.

¶ 6      On September 17, 2018, the trial court dismissed the suit for want of prosecution. On October 11, 2018, plaintiff moved to vacate the dismissal and reinstate the suit. The court granted the motion on November 5, 2018.

¶ 7      On December 21, 2018, defendant filed her *pro se* appearance. The record on appeal does not indicate that defendant filed an answer.

¶ 8      On February 20, 2019, plaintiff filed a motion for leave to file an amended complaint, which the court granted. Plaintiff filed the amended complaint on March 11, 2019.[1]

¶ 9      On October 29, 2019, the trial court entered an order reading, "After trial of this case, the Court enters a Judgment for Plaintiff(s) against Defendant(s) for $7,214.68, *** plus court costs in the amount of $559.53." The order indicates that defendant appeared *pro se* at the trial.

¶ 10     On November 27, 2019, defendant filed this appeal.

---

[1] The amended complaint added Kiril S. Tzonev as a defendant, but he was voluntarily dismissed without prejudice on July 8, 2019.

¶ 11                                    ANALYSIS

¶ 12     On appeal, defendant contends that the trial court's judgment was not supported by the evidence, and the court was biased against her because she proceeded *pro se*.

¶ 13     First, we note that "[a] reviewing court is entitled to the benefit of clearly defined issues with pertinent authority cited and a cohesive legal argument." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11. Here, defendant's brief does not comply with Illinois Supreme Court Rule 341 (eff. May 25, 2018). Per the rule, an appellant must cite to specific pages of the record in the brief's statement of facts, which defendant failed to do. See Ill. S. Ct R. 341(h)(6) (eff. May 25, 2018). Additionally, the brief's argument section lacks citations to the record or to legal authority, which also violates Rule 341. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

¶ 14     *Pro se* appellants must abide by the requirements of Rule 341. See *Matlock v. Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 14. We have the inherent authority to dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. However, because the issues in this matter are simple, defendant made an effort to present her appeal by use of the approved form brief, and we have the benefit of a cogent appellee's brief, we elect not to dismiss defendant's appeal on this basis. See *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶¶ 18-19.

¶ 15     Notwithstanding, defendant's appeal fails because she did not provide an adequate record on appeal. Pursuant to *Foutch v. O'Bryant*, 99 Ill. 2d 389 (1984), an appellant must provide a "sufficiently complete" record of trial proceedings in the record on appeal. *Foutch*, 99 Ill. 2d at 391. If the appellant fails to provide an adequate record, the reviewing court will presume "that

the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 16    Here, the record on appeal does not contain a report of proceedings from the trial, an appropriate bystander's report, or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Although defendant filed a bystander's report with this court, it is not properly part of the record on appeal because the trial court did not certify it. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017). Moreover, defendant's bystander's report improperly contains argument, as opposed to description of the evidence and testimony at trial.

¶ 17    Defendant claims that the evidence at trial did not support the court's ruling and the court was biased against her. Without a report of proceedings from the trial, we cannot determine what facts the parties presented at trial, how the court ruled on objections, the admissibility of evidence and other legal issues, or determine whether there is support for defendant's claim of bias. Therefore, pursuant to *Foutch*, we presume the trial court's decisions were "in conformity with law and had a sufficient factual basis.". *Foutch*, 99 Ill. 2d at 391-92.

¶ 18                            CONCLUSION

¶ 19    Defendant did not provide an adequate record on appeal, and we therefore, affirm the trial court's ruling.

¶ 20    Affirmed.