**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220312-U

Order filed December 14, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| KENNETH R. MANNIE SR., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-22-0312 |
| | ) | Circuit No. 21-L-1364 |
| ILLINOIS DEPARTMENT OF INSURANCE, | ) | |
| MARTIN McGROVY, HELEN KIM, and | ) | |
| PATRICK RILEY, | ) | Honorable |
| | ) | Neal W. Cerne, |
| Defendants-Appellants. | ) | Judge, Presiding. |

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

**ORDER**

¶ 1       *Held*:   The appellate court struck the appellant's brief and dismissed the appeal.

¶ 2       The plaintiff, Kenneth R. Mannie, Sr., filed a complaint for "malicious prosecution violation of civil rights slander" against the defendants, Illinois Department of Insurance, Martin McGrovy, Helen Kim, and Patrick Riley (collectively, the Department). The Department filed a combined motion to dismiss, which the circuit court granted. Mannie appeals.

¶ 3                                          I. BACKGROUND

¶ 4        Mannie was a licensed insurance producer. In 2015, the Department conducted an investigation where it found he forged an insurance refund check and attempted to cash it Specifically, the Department found Mannie (1) was issued a refund check for a personal insurance policy in the amount of $4.90, (2) copied and altered the check so that it appeared a second check was issued to him in the amount of $2,986.57, and (3) changed the date and the check number. The Department found this conduct violated section 500-70(a)(8) of the Illinois Insurance Code (215 ILCS 5/500-70(a)(8) (West 2014)), which provides the Department may "place on probation, suspend, revoke or refuse to issue or renew an insurance producer's license or may levy a civil penalty" for "using fraudulent, coercive, or dishonest practices, or demonstrating incompetence, untrustworthiness or financial irresponsibility in the conduct of business ***." *Id.* The Department revoked Mannie's license and imposed a $3,000 civil penalty.

¶ 5        Mannie requested a hearing where he did not dispute the check was forged, but claimed his supervisor, Peter Benson, was responsible for the forgery. The hearing officer found Mannie's testimony to be "very questionable" and found the totality of the evidence and testimony demonstrated Mannie forged or altered the check. The hearing officer sustained the charge against Mannie and upheld the civil penalty. However, the hearing officer recommended his license be suspended for 18 months instead of permanently revoked. The Department adopted the hearing officer's recommendation in its entirety. This decision was upheld on administrative review and affirmed on appeal. See *Mannie v. State Department of Insurance*, 2018 IL App (1st) 172940-U, ¶ 22 (finding ample support for the Department's determination that Mannie violated the Illinois Insurance Code by altering and attempting to cash a forged check).

¶ 6 Thereafter, Mannie filed various complaints against the Department raising claims involving the Whistleblower Act, racial discrimination, malicious prosecution, a civil rights violation, and slander. The court dismissed these claims for lack of jurisdiction on the basis they were barred by *res judicata* and Mannie otherwise failed to state a claim.

¶ 7 In December 2021, Mannie filed a one-page complaint for "malicious prosecution violation of civil rights slander" where he sought $50 million in damages from the Department. He claimed the Department maliciously prosecuted him while "slandering his name and reputation in an attempt to eliminate all possibilities relating to his opportunity for a contractual relationship with the United States Congress." He alleged: (1) only the State's Attorney or Attorney General could prosecute him for check fraud, (2) no genuine documents accompanied a check fraud complaint, (3) these insufficiencies led to his conviction for check fraud and slander of his name, and (4) he was responding to the Obama Administration's request to provide Health Care Reform assistance.

¶ 8 The Department filed a combined motion to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)). The Department argued the court did not have subject-matter jurisdiction as the complaint related to the 2015 administrative decision, and thus, it was an improper collateral attack. The Department also argued Mannie's complaint was otherwise barred by *res judicata* as he had filed other complaints with the same claims, which were dismissed. The Department also explained principles of sovereign immunity barred Mannie's complaint because he sought damages against the Department for tort claims. Finally, the Department argued Mannie failed to state a proper cause of action as he failed to plead any specific facts to support his claims.

¶ 9 The court granted the Department's motion and dismissed the complaint with prejudice.

¶ 10 Mannie appeals.

3

¶ 11                                    II. ANALYSIS

¶ 12         Mannie contends the court erred when it dismissed his complaint. However, he only argues the allegations set forth in the complaint and fails to address the motion to dismiss that was granted. The Department argues (1) this court should strike Mannie's brief or dismiss the appeal for failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020); (2) the court lacked jurisdiction to consider the complaint because judicial review of administrative decisions is limited to administrative review actions; and (3) the complaint was properly dismissed because it was barred by *res judicata* and sovereign immunity and he failed to state a claim.

¶ 13         We first address the Department's argument that Mannie's appellate brief fails to comply with Rule 341(h). The Department notes this court previously struck Mannie's briefs for noncompliance on two occasions and this brief should also be stricken because the statement of facts and argument sections are not supported by citations to the record or legal authorities. We agree Mannie's brief suffers from many deficiencies that remain uncured despite repeated opportunities. Mannie, a self-represented litigant, is not entitled to more lenient treatment than attorneys. Parties that choose to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 14         Aside from various brief violations, the argument section of his brief merely reiterates the allegations of his complaint and fails to address why the court erred when it granted the Department's motion to dismiss. We will not raise issues on behalf of a party as it is entirely improper and would transform this court's role from that of a jurist to that of an advocate. *People v. Givens*, 237 Ill. 2d 311, 324 (2010). Moreover, an appellant forfeits any argument by failing to raise it in their opening brief. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 23;

4

Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued in the appellant's brief are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing). For these reasons, we strike Mannie's brief and dismiss the appeal. See *Rosetone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18 (where an appellant's brief contains numerous court rule violations that impede the appellate court's review of the case, it is within the appellate court's authority to strike the brief and dismiss the appeal).

¶ 15 Even if this issue were properly briefed, our cursory review of the complaint in this case supports the court's finding it failed to state a claim upon which relief may be granted. See 735 ILCS 5/2-615 (West 2020). The complaint is a one-page document containing unsupported conclusions and accusations with no supporting factual allegations. The causes of action alleged required a showing of various elements that was not even attempted. Illinois is a fact-pleading jurisdiction, which required Mannie's complaint to be both legally and factually sufficient. *Chandler v. Illinois Central Railroad Co.*, 207 Ill. 2d 331, 348 (2003). The complaint must assert a legally recognized cause of action and plead facts which bring a particular case within that cause of action. Here, the complaint unquestionably failed to meet this threshold.

¶ 16 III. CONCLUSION

¶ 17 For these reasons, we strike the appellant's brief and dismiss the appeal.

¶ 18 Dismissed.