NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240199-U

NO. 4-24-0199

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 4, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MYRISHA WICKS, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| THE DEPARTMENT OF EMPLOYMENT | ) | No. 23MR352 |
| SECURITY, | ) | |
|     Defendant-Appellee. | ) | Honorable |
| | ) | Ronald A. Barch, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding no clear error occurred when the Board of Review of the Department of Employment Security determined plaintiff was ineligible for unemployment benefits because she was terminated from her position for misconduct.

¶ 2    Plaintiff, Myrisha Wicks, appeals *pro se* from the trial court's order affirming a final administrative decision by the Board of Review (Board) of the Department of Employment Security (Department). The Board found plaintiff was terminated from her position with the Social Security Administration (SSA) for misconduct when she refused to submit to an interview as part of a suitability background investigation required as a condition of her employment; thus, she was ineligible for unemployment benefits. The trial court agreed. For the following reasons, we affirm the decision of the Board.

¶ 3                                          I. BACKGROUND

¶ 4          Plaintiff began working as a claims specialist for SSA in 2007. On April 8, 2022, plaintiff was removed from federal service for "Failure to Fulfill a Condition of Employment" when she refused multiple directives to participate in an interview as a part of a suitability background investigation. Thereafter, plaintiff filed a claim for unemployment benefits with the Department. Plaintiff stated SSA decided to "unreasonably investigate" employees' personal lives, she provided "sufficient personal information," SSA's effort to require additional information was a "bullying tactic" and "harassment," and she refused to submit to the interview because she "declined to be harassed continuously."

¶ 5          SSA protested plaintiff's application for benefits because she was discharged for failing to fulfill a condition of her employment. In support, SSA submitted a "Notice of Proposed Removal" memorandum (dated February 7, 2022) previously sent to plaintiff detailing her repeated noncompliance with directives to participate in a suitability of employment background check and recommending her removal from federal employment. Plaintiff's position as a claims specialist with SSA had been designated a " 'Public Trust' " position and deemed "moderate risk" under federal regulations. See 5 C.F.R. § 731.106 (2022). All employees with a moderate risk designation or higher are, under federal law, subject to suitability reinvestigation every five years. 5 C.F.R. § 731.106(d)(1) (2022). The Defense Counterintelligence and Security Agency (DCSA) is responsible for conducting suitability investigations for SSA. SSA stated plaintiff had been "repeatedly informed that security and suitability is a condition of employment, and that SSA employees must fully comply with the security and suitability process, which may include subject interviews." DCSA investigators made repeated attempts to contact plaintiff and schedule a suitability interview. Plaintiff was informed by SSA that "to meet the requirements of the

Federal background investigation, which is a condition of [her] employment, [she is] required to meet with the DCSA background investigator." Plaintiff responded multiple times that she did not wish to participate in an interview. SSA made several more efforts to request plaintiff's compliance, but she "continued to disregard numerous warnings and directives to comply with the suitability interview portion of the background investigation process." She was removed from federal service.

¶ 6        On November 15, 2022, the claims adjuster for the Department sent plaintiff a written determination, finding plaintiff was ineligible for benefits under section 602(A) of the Unemployment Insurance Act (Act) (820 ILCS 405/602(A) (West 2022)) because she was discharged for misconduct for failure to fulfill a condition of employment by refusing to provide requested information needed for the suitability background investigation. Plaintiff requested reconsideration and appeal of the claims adjuster's determination.

¶ 7        A telephone hearing was held with a Department referee on February 17, 2023. Both plaintiff and SSA submitted supporting documentation prior to the hearing, including plaintiff's position statement; e-mail correspondence between plaintiff, her supervisors, and the background investigator; a claims specialist job description; a list of "Major Duties" of claims specialists; a memo sent to plaintiff explaining the "Personnel Security and Suitability" reinvestigation requirements (dated September 1, 2021); the "DIRECT WORK ORDER" memorandum sent to plaintiff requiring her cooperation with the reinvestigation requirements (dated September 15, 2021); the "Notice of Proposed Removal" memorandum sent to plaintiff explaining the decision to remove her from her position in 30 days for her failure to fulfill a condition of employment (dated February 7, 2022); the "Decision to Remove from Federal Service" memorandum sent to plaintiff (dated April 8, 2022); and the federal regulations

outlining the suitability determinations and required background investigation procedures for certain federal employment positions (5 C.F.R. §§ 731, 1400.101(b) (2022)). SSA presented the testimony of Rosita Acevedo and Toiya Craig, who described SSA's background investigation process, their communications with plaintiff regarding the process, plaintiff's required participation in a suitability background interview, and plaintiff's repeated refusals to cooperate with the background investigator and submit to an interview. Plaintiff, appearing *pro se*, testified that she was informed in writing that her employment was terminated for failure to meet conditions of employment. She felt she was being "targeted" and the SSA was not asking for an interview, but a "shakedown," and she described it as "harassment." She stated SSA was seeking too much personal information and "[j]ust because [SSA] made changes to the, to employment doesn't mean that I have to participate." She explained, "So because they changed the criteria that's just like saying oh I'm going to jump off a bridge. That, everybody, sometimes you've got to spin alone. So I did not feel that that was right. I did not want to jump off the bridge. It was not an interview."

¶ 8        The referee issued his decision on February 21, 2023, affirming the claims adjuster's decision finding plaintiff ineligible for unemployment benefits. The referee determined plaintiff was "discharged for refusing to obey the employer's instruction to submit to a background interview." The referee concluded plaintiff's actions constituted misconduct because SSA's "instruction was reasonable," her "refusal was not due to the lack of ability, skills, or training for the individual required to obey the instruction[,] and the instruction would not have resulted in an unsafe act."

¶ 9        Plaintiff appealed the referee's decision to the Board. On June 23, 2023, the Board issued its decision, affirming the decision of the referee. The Board determined SSA

employees are required by federal regulations to submit to background checks. Plaintiff was instructed multiple times to participate in an interview as part of her background check, but she refused to do so. The Board found no merit to plaintiff's claims of harassment and privacy concerns as reasons for refusing to cooperate. The Board concluded SSA's instruction was "reasonable and lawful," and plaintiff's refusal to cooperate was not the result of a lack of ability, skills, or training and would not result in an unsafe act. Plaintiff's employment was ended due to her misconduct; thus, the Board affirmed she was not eligible for unemployment benefits.

¶ 10    Plaintiff filed a complaint for administrative review of the Board's final decision. The trial court affirmed the decision of the Board and explained:

"The court finds the record includes competent evidence that the SSA had reasonable and lawful rule in place which required Claims Specialists like [plaintiff] to fully and completely participate in background checks and security related reinvestigations. The federally mandated security process applicable to 'moderate risk' positions, including Claims Specialists like [plaintiff], requires SSA employees to provide all information required by a 30-page questionnaire and, if requested, to submit to an in-person or video interview with a DCSA background investigator. Given that Claims Specialists have access to sensitive and confidential Agency information, as well as sensitive and potentially compromising confidential information concerning individuals implicated by SSA subject matter, the Board's finding that the federally mandated reinvestigation

requirements imposed by the SSA constitute reasonable work rules and policies is not clearly erroneous."

The court concluded further that plaintiff was given multiple opportunities to submit to an interview, "willfully and deliberately" refused to do so, and was warned about the consequences of her refusal to comply. Therefore, plaintiff's request to overturn the Board's decision was denied, and this appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12                          A. Deficiencies in Plaintiff's Brief

¶ 13        Initially, we must address the fact that plaintiff's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and contents of an appellant's brief. Most egregiously, she has failed to set forth the standard of review, any cogent legal arguments with citation to authority and the record on appeal, and the specific relief she is seeking. See Ill. S. Ct. R. 304(h)(3), (7), (8) (eff. Oct. 1, 2020). Defendant argues this court should, therefore, strike plaintiff's brief and dismiss the case or affirm the trial court's decision because any issues on appeal have been forfeited due to the severe deficiencies in plaintiff's brief.

¶ 14        Although plaintiff appears before this court *pro se*, "regardless of his [or her] status, no party is relieved of the duty to comply, as closely as possible, with the rules of our courts." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. Where an appellant has failed to comply with the mandates of Rule 304(h), a reviewing court has the discretion to strike the deficient brief and dismiss the appeal. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 25. However, a reviewing court may elect to consider an appeal despite plaintiff's failure to file a sufficient brief, "so long as we understand the issue plaintiff intends to raise and

especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Despite the substantial deficiencies in plaintiff's brief, the issue on appeal is straightforward, the record is complete, and we have the benefit of a cogent brief submitted by defendant with well-defined arguments. See *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 16. Therefore, we will consider the merits of plaintiff's appeal.

¶ 15                          B. Applicable Standard of Review

¶ 16          On administrative review, this court reviews the decision of the Board, not the trial court. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22. Reviewing the Board's determinations that plaintiff's refusal to comply with the suitability background investigation constituted misconduct presents this court with a mixed question of law and fact. See *id.* ¶ 21.

> "Mixed questions of fact and law are 'questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated.' " *American Federation of State, County & Municipal Employees, Council 31 v. State Labor Relations Board*, 216 Ill. 2d 569, 577 (2005) (quoting *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982)).

Mixed questions of law and fact are subject to the clearly erroneous standard of review. *Abbott Industries, Inc. v. Department of Employment Security*, 2011 IL App (2d) 100610, ¶ 15. "A decision is clearly erroneous only if the reviewing court is left with a definite and firm conviction

that a mistake has been committed." (Internal quotations marks omitted.) *Board of Trustees of University of Illinois v. Illinois Educational Labor Relations Board*, 2015 IL App (4th) 140557, ¶ 35.

¶ 17                    C. The Board's Determination of Misconduct

¶ 18        Individuals who become involuntarily unemployed through no fault of their own are provided economic relief under the Act (820 ILCS 405/100 *et seq.* (West 2022)). *Lojek v. Department of Employment Security*, 2013 IL App (1st) 120679, ¶ 34. However, section 602(A) of the Act provides that an individual is ineligible for unemployment benefits if she has been discharged for "misconduct" in connection with her work. 820 ILCS 405/602(A) (West 2022). The Act defines misconduct as:

> "the deliberate and willful violation of a reasonable
> rule or policy of the employing unit, governing the
> individual's behavior in performance of his work, provided
> such violation has harmed the employing unit or other
> employees or has been repeated by the individual despite a
> warning or other explicit instruction from the employing
> unit." *Id.*

Furthermore, the Act expressly states that "notwithstanding" this definition, there are eight specific work-related circumstances that constitute misconduct. *Id.* § 602(A)(1)-(8). Pertinent to this case, misconduct includes "[r]efusal to obey an employer's reasonable and lawful instruction, unless the refusal is due to the lack of ability, skills, or training for the individual required to obey the instruction or the instruction would result in an unsafe act." *Id.* § 602(A)(5). For a directive to be reasonable, it must be "appropriately relate[d] to the workplace" and

concern "standards of behavior which an employer has a right to expect from an employee." (Internal quotation marks omitted.) *Sudzus v. Department of Employment Security*, 393 Ill. App. 3d 814, 827 (2009).

¶ 19    In this case, we find no clear error in the Board's determination that SSA acted reasonably and lawfully when instructing plaintiff to submit to an interview as part of her suitability background investigation. Federal regulations require SSA to ensure employees designated as "moderate risk" and who hold "Public Trust" positions participate in background checks and security-related reinvestigations at least once every five years. See 5 C.F.R. § 731.106(d)(1) (2022). Plaintiff, a claims specialist, held such a position. Plaintiff was informed that SSA's security and suitability program implementing these federal regulations required her to complete documents, submit to fingerprinting, respond to requests for supplemental information and documentation, and meet with the DCSA background investigator. This was a condition of her employment. As such, participating in an interview with the investigator was appropriately related to her job and a reasonable instruction under the circumstances where plaintiff's position required her to have access to sensitive and confidential information.

¶ 20    Likewise, the Board correctly determined plaintiff's refusal to comply was not due to a lack of ability, skills, or training, nor would it result in an unsafe act. The record reveals plaintiff's refusal was based on a conscious decision, which she communicated to defendant repeatedly. The Board rejected plaintiff's privacy concerns and harassment claims as explanations for her refusal to submit to the background interview. After our careful review of the record, we find this decision was not clearly erroneous.

¶ 21 Based on the foregoing, we find no clear error in the Board's decision that plaintiff was removed from federal service due to her own misconduct. Thus, plaintiff was not eligible for unemployment benefits.

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, we affirm the Board's decision.

¶ 24 Board decision affirmed.