# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black; padding:1em;">

*Bayview Loan Servicing, LLC v. Cornejo*,
**2015 IL App (3d) 140412**

</div>

| | |
|---|---|
| Appellate Court Caption | BAYVIEW LOAN SERVICING, LLC, Plaintiff-Appellee, v. JOSE J. CORNEJO and ROCIO CORNEJO, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-14-0412 |
| Rule 23 order filed<br>Motion to publish allowed<br>Opinion filed | July 15, 2015<br><br>August 26, 2015<br>August 26, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CH-3635; the Hon. Thomas A. Thanas, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Daniel Khwaja (argued), of North Legal Services, of Chicago, for appellants.<br><br>Louis J. Manetti, Jr. (argued), and Natalie Burris, both of Codilis & Associates, P.C., of Burr Ridge, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices Lytton and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendants, Jose and Rocio Cornejo, appeal from an order of summary judgment entered in favor of the plaintiff, Bayview Loan Servicing LLC, in an action to foreclose a mortgage.

¶ 2                                                    FACTS

¶ 3    On July 27, 2011, the former plaintiff, JPMorgan Chase Bank filed a complaint to foreclose a mortgage against the defendants, Jose and Rocio Cornejo. Attached as exhibits to the complaint were: (1) a mortgage listing the Cornejos as the borrowers for the purchase of a single family home and Washington Mutual Bank as the lender; and (2) a note wherein the borrowers agreed to repay $248,000 to Washington Mutual Bank. The copy of the note attached to the complaint did not contain any indorsements.

¶ 4    On July 26, 2013, JPMorgan Chase Bank filed a motion for a default judgment. On that same day, an attorney for the Cornejos filed an appearance. The Cornejos were granted leave to file an answer, and they filed an answer with affirmative defenses. One of the affirmative defenses alleged that JPMorgan Chase Bank lacked standing because it did not demonstrate that it held the debt. JPMorgan Chase filed a motion to strike the affirmative defenses.

¶ 5    In court on September 18, 2013, JPMorgan Chase's counsel presented the Cornejos with the original note for inspection. The note contained an indorsement from Washington Mutual Bank to blank, signed by Cynthia Riley as vice president of Washington Mutual Bank. The Cornejos amended their answer and affirmative defenses to challenge the indorsement. In response, on November 13, 2013, JPMorgan Chase filed a second motion to strike the Cornejos' affirmative defenses. The trial court granted the motion, striking the affirmative defenses.

¶ 6    Thereafter, Bayview Loan Servicing, LLC (Bayview) was substituted for JPMorgan Chase as the party plaintiff, over the Cornejos' objection. The motion to substitute alleged that JPMorgan Chase, as the investor, had transferred the servicing rights on the loan to Bayview. The attached assignment indicated that the mortgage was assigned to Bayview on December 10, 2013, and it was recorded on January 10, 2014. Bayview moved for summary judgment, arguing that the pleadings established that the Cornejos were in default and still owed on the account. In opposition, the Cornejos argued that there were genuine issues of material fact because: (1) the order striking their affirmative defenses was void because JPMorgan Chase had assigned the mortgage to Bayview before that date; (2) Bayview's basis for foreclosure was unclear; (3) the Affidavit of Amounts Due and Owing did not comply with Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013); and (4) Bayview failed to attach a Loss Mitigation affidavit to its motion for judgment.

¶ 7    The trial court granted Bayview's motion for summary judgment, and entered judgment of foreclosure and sale in favor of Bayview and against the Cornejos. The trial court granted the Cornejos' motion for a special finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), and they appealed.

ANALYSIS

¶ 9    The Cornejos contest the ability of JPMorgan Chase, and later Bayview, to bring this suit against them. They appeal from the orders granting the motion to strike their affirmative defenses, granting leave to substitute party plaintiffs, and granting summary judgment in favor of Bayview.

¶ 10    JPMorgan Chase brought its second motion to strike the Cornejos' affirmative defenses pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2012)). A motion under section 2-619.1 of the Code allows a party to combine a section 2-615 (735 ILCS 5/2-615 (West 2012)) motion to dismiss based upon insufficient pleadings with a section 2-619 (735 ILCS 5/2-619 (West 2012)) motion to dismiss based upon certain defects or defenses. 735 ILCS 5/2-619.1 (West 2012); *Carr v. Koch*, 2011 IL App (4th) 110117, ¶ 25 (quoting *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003)). When the legal sufficiency of a complaint is challenged by a section 2-615 motion to dismiss, all well-pleaded facts in the complaint are taken as true and a reviewing court must determine whether the allegations of the complaint, construed in a light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005). On the other hand, a motion to dismiss under section 2-619 admits the legal sufficiency of the plaintiff's complaint, but asserts affirmative matter that defeats the claim. *King*, 215 Ill. 2d at 12. If a cause of action is dismissed due to the affirmative matter asserted in a section 2-619 motion to dismiss, the question on appeal is whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 494 (1994). We review *de novo* an order striking affirmative defenses under section 2-619.1 of the Code. *Carr*, 2011 IL App (4th) 110117, ¶ 25.

¶ 11    The Cornejos argue that JPMorgan Chase did not establish a claimed interest in the note at the time it filed its original complaint and thus lacked standing. Specifically, the Cornejos note that JPMorgan Chase filed the complaint as a mortgagee, but the Cornejos contend that JPMorgan Chase did not have possession of the indorsed note at the time of filing. It is undisputed that JPMorgan Chase was not the named mortgagee, and the note attached to the complaint did not contain any indorsement. However, JPMorgan Chase argues that it made a *prima facie* showing that it owned the note by attaching copies to the complaint. It argues that it then further established its standing by producing the original note, which was indorsed in blank, in open court.

¶ 12    The doctrine of standing requires that a party have real interest in the action and its outcome. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004). A party's standing to sue must be determined as of the time the suit if filed. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 24. An action to foreclose upon a mortgage may be filed by a mortgagee, or by an agent or successor of a mortgagee. *Deutsche Bank National Trust Co.*, 2012 IL App (2d) 120164, ¶ 15. The attachment of a copy of the note to a foreclosure complaint is *prima facie* evidence that the plaintiff owns the note. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24 (citing *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24). Lack of standing to bring an action is an affirmative defense, and the burden of pleading and proving the defense is on the party asserting it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010).

¶ 13    The note attached to the original foreclosure complaint is *prima facie* evidence that JPMorgan Chase owned the note, even though it lacked the indorsement in blank. Since the burden was on the Cornejos to prove that JPMorgan Chase lacked standing at the time the complaint was filed, they needed to present some evidence that the transfer did not occur before the complaint was filed. See *Rosestone Investments, LLC*, 2013 IL App (1st) 123422, ¶ 28 (written assignment of mortgage, dated four days after a mortgage complaint was filed, was not sufficient to prove that a plaintiff lacked standing on the date the foreclosure complaint was filed when the plaintiff attached a copy of the note to the complaint and later produced the original note with a blank indorsement); but see *Deutsche Bank National Trust Co.*, 2012 IL App (2d) 120164, ¶¶ 21, 24 (although a copy of the note was attached to the foreclosure complaint, an assignment of mortgage dated several months after the foreclosure complaint was filed was sufficient evidence that the plaintiff lacked standing at the time the foreclosure action was filed).

¶ 14    In this case, in an effort to meet their burden of showing that the assignment to JPMorgan Chase did not take place until after the foreclosure complaint was filed, the Cornejos point to: (1) the lack of an indorsement on the note attached to the foreclosure complaint; (2) the fact that JPMorgan Chase did not attach the indorsed note to its initial motion to strike affirmative defenses; and (3) alleged inconsistencies with the indorsement. The fact that JPMorgan Chase did not attach the note with the indorsement to its original complaint, nor attach it to the initial motion to strike, was not evidence that JPMorgan Chase did not hold the mortgage and note at the time the complaint was filed in 2011. See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 26 n.4 (Illinois Supreme Court Rule 113(b) (eff. May 1, 2013) now requires that the copy of the note attached to a foreclosure complaint must be a copy of the note as it currently exists, together with indorsements and allonges). The deposition of Cynthia Riley, taken in another proceeding in 2013, was also not sufficient to show that the indorsement, which is presumed authentic and authorized (see 810 ILCS 5/3-308(a) (West 2012)), was unauthorized in this case, nor later ratified. Absent some evidence, such as the document at issue in *Gilbert*, that showed that the assignment actually took place after the complaint was filed, the Cornejos have failed to meet their burden of showing that the indorsement was not made before the complaint was filed. See *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 12 ("If defendants meant to contend that a party other than [the plaintiff] was the 'rightful' holder of the note, it was their obligation to present evidence that would support their contention."). Thus, the trial court did not err in granting JPMorgan Chase's motion to strike.

¶ 15    The Cornejos argue that the trial court erred in granting Bayview's motion for summary judgment on the same basis: that a genuine issue of material fact exists as to Bayview's basis for foreclosure. The Cornejos also argue that, on the date that JPMorgan Chase's motion to strike was granted, JPMorgan Chase was no longer an interested party, so the order should be held to be void or vacated. They argue that the substitution should have been made prior to any substantive motion, and the trial court abused its discretion in allowing a substitution of plaintiff. We review a trial court's decision to allow a substitution of plaintiff for an abuse of discretion. *Cincinnati Insurance Co. v. American Hardware Manufacturers Ass'n*, 387 Ill. App. 3d 85, 99 (2008).

¶ 16    Section 2-1008 of the Code allows for the substitution of a party, providing in subsection (a):

"If by reason of marriage, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, either before or after judgment, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after commencement of the action, it becomes necessary or desirable that any person not already a party be before the court, or that any person already a party be made party in another capacity, the action does not abate, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause." 735 ILCS 5/2-1008(a) (West 2012).

¶ 17    For purposes of this section an assignment occurs when there is a transfer of some interest from the assignor to the assignee; no particular form of assignment is required. *Cincinnati Insurance Co. v. American Hardware Manufacturers Ass'n*, 387 Ill. App. 3d 85, 100 (2008). JPMorgan Chase was the holder of the note when it filed its motion to strike in November 2013. The assignment to Bayview was executed after that date, on December 10, 2013, and recorded on January 10, 2014. The order striking the affirmative defenses was entered on January 29, 2014, and the motion to substitute plaintiffs was filed on March 7, 2014. The trial court upheld the order striking the affirmative defenses, finding that it was a case of nonjoinder or misjoinder of parties under section 2-407 of the Code (735 ILCS 5/2-407 (West 2012)), and finding that the Cornejos were not prejudiced by the error. We find no abuse of discretion in the decision allowing the substitution of plaintiff.

¶ 18    Other than the previously discussed issues regarding standing, the Cornejos argue that summary judgment should not have been granted because the affidavit of amounts due and owing submitted by an employee of Bayview, Leticia Sanchez, was not based on her personal knowledge because Bayview's records included records from prior holders of the debt. Summary judgment is appropriate when the pleadings, depositions, and admissions on file, and any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012). We review *de novo* an order granting summary judgment. *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 93 (2010).

¶ 19    Rule 191(a) affidavits must assert facts. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013); *Jaffe v. Fogelson*, 137 Ill. App. 3d 961, 964 (1985). The Cornejos argued in their motion for summary judgment that Sanchez's affidavit did not comply with Rule 191 because she reviewed business records, which were based on data compilations done by others. Bayview argues that the affidavit met the requirements for a business record affidavit pursuant to Illinois Supreme Court Rule 236 (eff. Aug. 1, 1992). Sanchez attested that she was familiar with the business process and the records were made in the regular course of business, so the affidavit was admissible and supported the judgment. See *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 14 (affidavit by an employee of the current holder of the debt was admissible under Rule 236 in a foreclosure proceeding even though some of the business records were created by a prior entity). In light of our prior holdings, and the admissibility of Sanchez's affidavit, we affirm the grant of summary judgment in favor of Bayview.

¶ 20    The Cornejos filed an emergency motion to stay the sheriff's sale pending appeal, which was taken with the case. The sheriff's sale was scheduled for September 4, 2014. In light of the fact that the motion raised no new issues, it is denied.

¶ 21                                    CONCLUSION

¶ 22            The judgment of the circuit court of Will County is affirmed.

¶ 23            Affirmed.