2017 IL App (2d) 160967
No. 2-16-0967
Opinion filed November 14, 2017

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, Not in Its Individual Capacity but Solely as Owner Trustee for Queen's Park Oval Asset Holding Trust, | ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-CH-473 |
| | ) | |
| MARIO A. LOPEZ, a/k/a Mario Augusto Lopez-Franco; MARTHA D. LOPEZ; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, | ) ) ) ) | Honorable |
| | ) | Robert G. Gibson, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices McLaren and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, U.S. Bank Trust National Association, as owner trustee for Queen's Park Oval

Asset Holding Trust, filed a foreclosure suit against defendants, Mario A. Lopez, a/k/a Mario

Augusto Lopez-Franco, and Martha D. Lopez.  Defendants raised the affirmative defense that

plaintiff lacked standing when it filed the suit.  Defendants also raised the affirmative defense

that plaintiff violated Illinois Supreme Court Rule 113 (eff. May 1, 2013) and failed to comply

with Title 24, section 203.604 of the Code of Federal Regulations (Code) (24 C.F.R. § 203.604

(2014)). The trial court struck defendants' affirmative defenses, granted plaintiff summary judgment, and entered a judgment for foreclosure and sale. On appeal, defendants challenge the trial court's orders striking their affirmative defenses and granting plaintiff summary judgment. For the following reasons, we reverse the judgment of foreclosure, vacate the order approving the sale, and dismiss the foreclosure action.

¶ 2                                   I. BACKGROUND

¶ 3                 A. Initial Foreclosure Proceedings and Amended Complaint

¶ 4     On March 11, 2014, plaintiff filed a complaint to foreclose the mortgage on property owned by defendants. The complaint contained a copy of the mortgage and the note. The note bore two indorsements, one from the original lender to Countrywide Bank, FSB (Countrywide), and the second from Countrywide to the Secretary of Housing and Urban Development (HUD), a nonparty to the case. The note included no indorsements or assignments to plaintiff. The complaint alleged in paragraph "n" that plaintiff was the "legal holder of the indebtedness."

¶ 5     Defendants filed an answer with affirmative defenses on May 12, 2014, claiming that plaintiff lacked standing because the note attached to the complaint was indorsed to HUD and not to plaintiff, that plaintiff failed to comply with Rule 113 because the note did not show an indorsement to plaintiff, and that plaintiff failed to comply with Title 21, section 203.604, of the Code.

¶ 6     On November 7, 2014, plaintiff amended its complaint to resolve any issue regarding the note. The allegations were substantially similar to those in the original complaint except that it alleged at paragraph "n" that "on March 11, 2014[,] Plaintiff was a non-holder in possession of the Note with rights of a holder. Plaintiff is currently the legal holder of the Note." Also, plaintiff attached to the pleading a copy of the note that bore the same two indorsements, one

from the original lender to Countrywide and the second from Countrywide to HUD. The amended complaint included an "allonge to note" that was not filed with the original complaint. The allonge, which is undated, contains a special indorsement from HUD to Queen's Park Oval Asset Holding Trust, the trust for which plaintiff was the named trustee.

¶ 7                    B. Defendants' Motion to Dismiss the Amended Complaint

¶ 8    On December 24, 2014, defendants filed a motion to dismiss plaintiff's amended complaint, pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2014)). They repeated the arguments they raised in their affirmative defenses, that plaintiff lacked standing and that the foreclosure action was barred under Rule 113. Defendants claimed that the defect could not be cured by amendment. Following argument, the court denied defendants' motion to dismiss, without prejudice.

¶ 9                    C. Defendants' Affirmative Defenses to the Amended Complaint

¶ 10    On April 16, 2015, defendants filed an answer to plaintiff's amended complaint and repeated their previous affirmative defenses. They argued again that, when the case was filed, plaintiff lacked standing, as the note attached to the original complaint was indorsed to HUD and no assignment to plaintiffs was attached. Defendants maintained that the allonge attached to plaintiff's amended complaint contained an indorsement executed after the filing of the original complaint. Defendants supported their answer with judicial admissions made by plaintiff throughout the proceedings that it was not in possession of an indorsed note at the time of the original filing. Defendants alleged that plaintiff violated Rule 113 when it amended the complaint to include the allonge. Defendants also alleged that plaintiff failed to comply with Title 24, section 203.604, of the Code because plaintiff did not provide for the required face-to-face meeting with defendants or offer defendants "an opportunity to conduct one."

¶ 11    D. Striking the Affirmative Defenses, Summary Judgment, and Judicial Sale

¶ 12    Plaintiff filed a motion to strike the affirmative defenses, pursuant to section 2-619.1. The motion attached a January 16, 2014, assignment of the mortgage without the note, various affidavits, and a Federal Express tracking label.  Plaintiff argued that the standing defense was insufficiently pleaded because defendants did not properly articulate how plaintiff lacked standing and defendants failed to support their claim that a violation of Rule 113 compelled dismissal.  Plaintiff maintained that the assignment established its legal capacity as a nonholder with the rights of a holder when the original complaint was filed.

¶ 13    At the hearing on the motion to strike, plaintiff produced the original note, and the trial court read a description of it into the record.  The trial court determined that plaintiff was a nonholder with the rights of a holder.  Following the hearing, the trial court granted plaintiff's motion and struck the affirmative defenses with prejudice.

¶ 14    With the affirmative defenses stricken, the trial court granted plaintiff's motion for summary judgment and entered a judgment of foreclosure and sale on July 18, 2016.  The judicial sale occurred, and the court granted plaintiff's motion to confirm the sale on November 7, 2016.  Defendants timely appeal from the trial court's orders granting plaintiff's motion to strike their affirmative defenses pursuant to section 2-619.1 and granting it summary judgment.

¶ 15                                II. ANALYSIS

¶ 16    Defendants raise a number of arguments on appeal regarding plaintiff's legal standing to bring the foreclosure action, plaintiff's violation of Rule 113, and plaintiff's failure to strictly adhere to the mandated servicing guidelines of Title 24, section 203.604, of the Code.  We initially examine the trial court's entry of the foreclosure judgment in plaintiff's favor, the validity of which rests on whether plaintiff had the ability to bring this suit against defendants.

¶ 17   Plaintiff's motion to strike defendants' affirmative defense of standing was brought pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)). A motion under section 2-619.1 allows a party to combine a section 2-615 (735 ILCS 5/2-615 (West 2016)) motion to dismiss based upon insufficient pleadings with a section 2-619 (735 ILCS 5/2-619 (West 2016)) motion to dismiss based upon certain defects or defenses.  735 ILCS 5/2-619.1 (West 2016); *Carr v. Koch*, 2011 IL App (4th) 110117, ¶ 25 (citing *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003)).  When the legal sufficiency of a complaint is challenged by a section 2-615 motion to dismiss, all well-pleaded facts in the complaint are taken as true and a reviewing court must determine whether the allegations of the complaint, construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted.  *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005).  On the other hand, a motion to dismiss under section 2-619 admits the legal sufficiency of the complaint, but asserts affirmative matter that defeats the claim.  *Id.* at 12.  If a cause of action is dismissed due to the affirmative matter asserted in a section 2-619 motion to dismiss, the question on appeal is whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law.  *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 494 (1994).  We review *de novo* an order striking a pleading pursuant to section 2-619.1.  *Carr*, 2011 IL App (4th) 110117, ¶ 25.

¶ 18   The doctrine of standing requires that a party have a real interest in the action and its outcome.  *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004).  A party's standing to sue must be determined as of the time the suit is filed.  *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 24.  "[A] party either has standing at the time the suit is brought or it does not."  *Village of Kildeer v. Village of Lake Zurich*, 167 Ill. App. 3d 783, 786 (1988).  An action

to foreclose upon a mortgage may be filed by a mortgagee or by an agent or successor of a mortgagee. *Gilbert*, 2012 IL App (2d) 120164, ¶ 15.

¶ 19    Typically, lack of standing to bring an action is an affirmative defense, and the burden of proving the defense is on the party asserting it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010); *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12.

¶ 20    To support their argument that plaintiff had no standing to sue them on the date the foreclosure action was filed, defendants point to the note attached to the original complaint. The original complaint alleged that plaintiff was the legal holder of the indebtedness of the attached note. However, the note establishes that it was indorsed to a nonparty to the case. When plaintiff filed the complaint, the note was indorsed to HUD, not to plaintiff. Indeed, plaintiff conceded that the note was not indorsed to plaintiff at that time.

¶ 21    In *Gilbert*, the defendant raised standing as an affirmative defense. In support, the defendant showed that the note and the mortgage attached to the original complaint identified not the plaintiff but another mortgagee. Also, the assignment attached to the amended complaint showed that the interest in the mortgage was not assigned to the plaintiff until several months after the foreclosure action was filed. *Gilbert*, 2012 IL App (2d) 120164, ¶ 17. We held that this evidence met the defendant's burden to show that the plaintiff lacked standing when the suit was filed, because the plaintiff was not identified on either the note or the mortgage. The documents attached to the complaint contradicted the plaintiff's allegation that it was "the mortgagee" and they supported the defendant's argument that the plaintiff did not have an interest in the mortgage that would confer standing. Because the defendant made a *prima facie* showing that the plaintiff lacked standing, the burden shifted to the plaintiff to refute this evidence or demonstrate a question of fact. *Id*. ¶ 21.

¶ 22    Similarly here, the note attached to the original complaint showed on its face that it was not indorsed to plaintiff.  At the hearing on defendants' motion to dismiss plaintiff's amended complaint, plaintiff conceded that the note was not indorsed to plaintiff on the date the original complaint was filed.  Plaintiff alleged that the copy of the note attached to its original complaint was a "copy of the note as it currently exists."  Thus, the allonge, which has no date of execution, must have been executed *after* the filing of the original complaint.  As defendants observe, plaintiff's admission that the note attached to its complaint was in its current form leaves no other possible interpretation.  As in *Gilbert*, defendants have made a *prima facie* showing of a lack of standing, and plaintiff has failed to rebut it.

¶ 23    Defendants further contend that "equally inaccurate" is plaintiff's position that it was a "non-holder with rights of a holder" when the action was filed.  Plaintiff's argument rests on the January 16, 2014, assignment of the mortgage, from HUD to plaintiff.  However, " '[a]n assignment of the mortgage without an assignment of the debt creates no right in the assignee.' " *Bristol v. Wells Fargo Bank*, *National Ass'n*, 137 So. 3d 1130, 1133 (Fla. Dist. Ct. App. 2014) (quoting *Vance v. Fields*, 172 So. 2d 613, 614 (Fla. Dist. Ct. App. 1965); see also *Elvin v. Wuchetich*, 326 Ill. 285, 288-89 (1927) (assignment of mortgage on truck without transferring note transferred no interest in truck authorizing replevin).  Without the assignment of the debt to plaintiff, which must have occurred after the foreclosure complaint was filed, when the allonge was executed, the assignment of the mortgage did not give plaintiff the rights of a holder.

¶ 24    Plaintiff also attempts to rebut defendants' argument by stating that "it proved it possessed the original note before it filed the lawsuit."  Plaintiff points to its counsel's affidavit that established that he possessed the note on plaintiff's behalf before it filed the foreclosure suit.  A similar contention was raised by the plaintiff in *Gilbert*.  The plaintiff endeavored to challenge

the standing argument by noting that, in an affidavit of an employee of a company that serviced loans for the plaintiff, he averred that, based on his review of " 'the documents contained in the Gilbert loan file,' " the interest was assigned to the plaintiff before the filing of the initial complaint. *Gilbert*, 2012 IL App (2d) 120164, ¶ 7. The plaintiff argued that this statement must be taken as true in the absence of contrary evidence. *Id*. ¶ 19. Noting that this principle applies only to admissible evidence, we held that the statement about the date of the assignment was inadmissible because it was unsupported by any foundation. *Id*. (citing *Complete Conference Coordinators, Inc. v. Kumon North America, Inc.*, 394 Ill. App. 3d 105, 108 (2009)).

¶ 25    In this case, plaintiff points to the affidavit of Robert H. Rappe, Jr., managing attorney of the law firm representing plaintiff. He attached three exhibits to his affidavit. Exhibit 1 is an image of a computer screen reflecting that the original indorsed note was scanned and imaged into the firm's case management system on March 10, 2014, the day before the original complaint was filed. Exhibit 2 is a copy of the original note, which was also imaged and electronically stored. Exhibit 3 is the allonge to the note. However, because plaintiff's name does not appear on the original note and because the assignment of the note occurred after the original complaint was filed, these items do not rebut defendants' standing argument.

¶ 26    Plaintiff cites *Cornejo*, 2015 IL App (3d) 140412, in support of its argument that attaching a copy of the note to the foreclosure complaint was *prima facie* evidence that it owned the note. In *Cornejo*, the note attached to the foreclosure complaint was held to be *prima facie* evidence that the plaintiff owned the note, even though it lacked an indorsement in blank. *Id.* ¶ 13. The Third District Appellate Court held that the defendants failed to present any evidence that the transfer did not occur before the complaint was filed and that the defendants thus failed to meet their burden of showing that the plaintiff lacked standing. *Id*. ¶ 14. Here, as in *Gilbert*,

defendants presented evidence that showed that the assignment of the debt actually took place after the original complaint was filed and that plaintiff thus lacked standing when the complaint was filed.

¶ 27    Based on our determination that plaintiff lacked standing, we need not address the other issues defendants raise.

¶ 28                                  III. CONCLUSION

¶ 29    For the preceding reasons, we reverse the judgment of foreclosure, vacate the order approving the sale, and dismiss the foreclosure action.

¶ 30    Judgment reversed; order vacated; action dismissed.