2021 IL App (1st) 200923-U

FIFTH DIVISION
Order filed: July 23, 2021

No. 1-20-0932

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, Not In Its Individual Capacity But Solely As Trustee For MFRA Trust 2014-2, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10 CH 47361 |
| JOSEF BOZEK, EVA BOZEK, a/k/a EWA BOZEK, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; and CHICAGO TITLE LAND TRUST CO., as Successor Trustee to First National Bank of LaGrange Under the Trust Agreement dated May 17, 1991, a/k/a Trust No. 3003, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Josef Bozek and Eva Bozek, a/k/a Ewa Bozek, Defendants-Appellants.) | ) ) ) | Honorable Edward N. Robles, Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the judgment of the circuit court of Cook County over the defendants' contentions that the circuit court lacked subject matter jurisdiction, the plaintiff lacked standing, the court erred in entering summary judgment, and the court erred in denying their motion to strike.

¶ 2    In this mortgage foreclosure action, the defendants, Josef Bozek and Eva Bozek a/k/a Ewa Bozek, appeal *pro se* from orders of the circuit court of Cook County: entering summary judgment in favor of the plaintiff, Wilmington Trust, National Association, not in its individual capacity but solely as trustee for MFRA Trust 2014-2 (Wilmington Trust); approving the sale of their home; and confirming the sale. On appeal, the defendants argue that (1) the circuit court lacked subject matter jurisdiction over the matter; (2) Wilmington Trust lacked standing to pursue this claim; (3) the circuit court erred when it entered summary judgment in favor of Wilmington Trust; (4) and the circuit court erred when it failed to strike various pleadings made by Wilmington Trust that violated Illinois Supreme Court Rule 137. For the reasons that follow, we affirm.

¶ 3    The following facts and procedural history are derived from the pleadings and exhibits of record. We observe that this case has a lengthy procedural history as a result of the voluminous number of motions filed by the defendants, most of which appear to have been filed for the purpose of delaying the proceedings. We therefore recite only the facts necessary for the disposition of the issues on appeal.

¶ 4    On November 2, 2010, Bank of America, NA (Bank of America), the original plaintiff in this case, filed a complaint in the circuit court of Cook County, seeking to foreclose on residential property owned by the defendants. Bank of America attached the following documents to its complaint: an executed copy of the mortgage; an executed copy of the promissory note; and a copy of the assignment of the mortgage from "National City Mortgage, a division of National City Bank," to "National City Mortgage Company, a subsidiary of National City Bank." On February

4, 2011, Bank of America filed an amended complaint, and the defendants, through counsel, filed an answer.

¶ 5    On February 17, 2015, Bank of America filed motions for summary judgment, reformation of deed, and entry of an order of default and judgment of foreclosure and sale. It attached to its motions a copy of the note, which differed from the copy attached to its amended complaint in one respect: it contained a blank endorsement signed by Tara Schaffer, a "document control specialist" for National City Mortgage Company. Also attached was an assignment of mortgage, showing that it was assigned the mortgage by PNC Bank NA, as successor by merger to National City Bank, on February 14, 2011. Lastly, Bank of America attached the affidavit of Adam Cook, who was an authorized signer employed by Bank of America's servicer, PNC Bank, NA. Cook's affidavit averred that the amount due and owing on the defendants' mortgage was $630,410.22. The circuit court set a briefing schedule, giving the defendants until June 10, 2015, to file a response and Bank of America until July 1, 2015, to file a reply.

¶ 6    On July 31, 2015, more than four years after Bank of America filed its amended complaint, the defendants filed a notice of removal in the United States District Court for the Northern District of Illinois. See 28 U.S.C. § 1441 *et seq.* (West 2012). The certificate of service attached to the notice of removal states that copies were mailed that same day to Bank of America's attorneys and to the clerk of the circuit court. Also on July 31, 2015, a copy of the notice of removal was filed in the circuit court.

¶ 7    On August 25, 2015, the district court entered an order dismissing the case without prejudice based on the defendants' failure to follow the procedural requirements of the removal

statute. The district court did not, however, enter an order remanding the matter to the circuit court or mail a copy of that order to the clerk of the circuit court of Cook County.

¶ 8    Subsequently, on October 28, 2015, the circuit court entered separate orders granting Bank of America's motions for summary judgment, reformation of deed, and a judgment of foreclosure and sale. The defendants moved to vacate the orders, asserting that the circuit court lacked jurisdiction. The circuit court denied the defendants' motion. Subsequently, Bank of America filed a notice of sale, and the property was sold on August 11, 2016, at a judicial sale to Bank of America as the highest bidder. The circuit court entered an order approving the report of sale and distribution, confirming the sale, granting Bank of America possession, and entering a personal deficiency judgment against the defendants. The defendants filed a petition to vacate the orders, arguing once more that the court lacked subject matter jurisdiction, and the court denied the petition.

¶ 9    The defendants filed an appeal to this court, arguing that the circuit court did not have jurisdiction to enter any orders following the removal to federal court because the district court did not remand the matter to the circuit court. We agreed with the defendants and vacated and remanded the matter. *Bank of America, NA v. Bozek*, 2018 IL App (1st) 170386-U, ¶¶16-17.

¶ 10    Following our decision, Bank of America filed a motion in the district court, requesting that it enter an order to remand the matter to the circuit court. The district court entered the remand order on June 11, 2018, and sent a letter to the clerk of the circuit court of Cook County on June 25, 2018, attaching a certified copy of that order. Thereafter, proceedings continued in the circuit court.

¶ 11 On November 20, 2018, Bank of America filed a motion to substitute the party plaintiff, stating that Bank of America had assigned the mortgage to Wilmington Trust. Attached to the motion was a copy of the assignment. The defendants opposed the motion to substitute the party plaintiff, arguing, *inter alia*, that the motion should be stricken on the grounds that it violated Illinois Supreme Court Rule 137 because it did not state the name of the attorney who signed it below the signature. The circuit court granted the motion to substitute Wilmington Trust as the plaintiff on January 16, 2019.

¶ 12 On March 8, 2019, Wilmington Trust filed several motions, including a motion for summary judgment and a motion to appoint a selling officer. Wilmington Trust also filed the affidavit of Barb Essman, an employee of PNC Bank NA, Wilmington Trust's mortgage servicer, who averred to the amounts due and owing. The defendants filed a motion to strike Essman's affidavit, arguing that the affidavit violated Illinois Supreme Court Rule 191 because she lacked personal knowledge of the facts to which she averred. On June 7, 2019, the circuit court issued the following orders: entering summary judgment in favor of Wilmington Trust; appointing a private selling officer; and denying the defendants' motion to strike Essman's affidavit.

¶ 13 Wilmington Trust filed a notice that the subject property would be sold on September 9, 2019. It then filed a motion to confirm that sale on September 10, 2019, as well as a motion for the entry of an *in personam* deficiency judgment against the defendants. The defendants responded by filing a motion arguing that the court lacked subject matter jurisdiction and a motion to reconsider the court's entry of summary judgment in favor of Wilmington Trust. On February 18, 2020, the circuit court granted Wilmington Trust's motion to confirm the September 9, 2019 sale and its motion for an *in personam* judgment against the defendants. Also on that date, the court

entered orders denying the defendants' motion challenging its jurisdiction and denying their motion to reconsider. The defendants filed a motion asking the court to reconsider its February 18, 2020 orders, which the court denied. This appeal followed.

¶ 14   On appeal, the defendants raise the following arguments: (1) the circuit court lacked subject matter jurisdiction because it was never revested with jurisdiction following the removal to federal court; (2) Wilmington Trust lacked standing to pursue this claim; (3) the court erred in granting summary judgment in favor of Wilmington Trust because there existed genuine issues of material fact; and (4) the circuit court erred when it allowed Wilmington Trust to file pleadings where the attorney signature line did not include that name of the signatory underneath. We address each argument in turn.

¶ 15   The defendants first argue that the circuit court lacked subject matter jurisdiction over this mater. Specifically, they argue that the district court lacked the authority to enter the remand order because Bank of America's motion for remand violated section 1447(c) (28 U.S.C. §1447(c) (2012)) as it was filed more than 30 days after they removed the matter to federal court. Wilmington Trust responds that this court cannot review a decision entered by a federal court. We agree with Wilmington Trust.

¶ 16   The defendants do not dispute, nor could they dispute, that the district court took all of the necessary steps to effectuate a remand to the circuit court: it entered an order remanding the matter to the circuit court and it mailed a certified copy of that order to the clerk of the circuit court of Cook County. See 28 U.S.C. § 1447(c) (2012) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."). Rather, they argue that the district court erred when it granted the original plaintiff's

request for a remand order because that request was untimely. Simply put, this court cannot sit in review of a decision entered by a United States District Court. *Yang v. City of Chicago*, 195 Ill. 2d 96, 102 (2001) ("This court is not a court of review for federal court decisions."). Our review is therefore confined to whether the circuit court's actions comported with the requirements of the federal removal statute, and as mentioned, the circuit court proceeded on this matter only after the clerk of the circuit court of Cook County received a certified copy of the district court's remand order, which is all the statute required. Accordingly, we find that the circuit court had jurisdiction over this matter.

¶ 17    The defendants next argue that the circuit court erred when it denied its numerous challenges to Bank of America's and Wilmington Bank's standing to pursue this cause.

¶ 18    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). The doctrine "requires a person seeking to invoke the jurisdiction of the court to have some real interest in the cause of action or a legal or equitable right, title or interest in the subject matter of the controversy." *Ferguson v. Patton*, 2013 IL 112488, ¶ 27. A party's standing must be determined as of the time the suit is filed. *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12. An action to foreclose upon a mortgage may be filed by a mortgagee, or by an agent or successor of a mortgagee. *Id.* The attachment of a copy of the note to a foreclosure complaint is *prima facie* evidence that the plaintiff owns the note. *Id.* Lack of standing is an affirmative defense, and the burden of proving that the plaintiff lacked standing at the time the complaint was filed is on the party asserting it. *Id.*

¶ 19    Here, the defendants maintain that Wilmington Trust failed to present evidence that it was, in fact, the mortgagee. Essentially, the defendants assert that a link in the chain of assignment is missing that would explain how PNC Bank NA, who assigned the mortgage to Bank of America, gained an interest in the note and mortgage. Wilmington Trust responds that the defendants failed to meet their burden to prove it lacked standing and that, during the course of this litigation, it produced copies of the note and the mortgage bearing the defendants' signatures, a copy of the note with a blank endorsement, and copies of each of the previous assignments of the mortgage. We agree with Wilmington Trust.

¶ 20    As mentioned, Wilmington Trust attached a copy of the note, executed by both defendants, to its complaint and its motion for summary judgment, which is *prima facie* evidence it owned the note. See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24 (attaching the note to the complaint is *prima facie* evidence that the plaintiff owns the note). Moreover, Bank of America, the original plaintiff, produced a copy of the note endorsed in blank. Production of a note endorsed in blank shows that the holder has an interest in the note and is entitled to enforce it and an accompanying mortgage. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 26; see 810 ILCS 5/3-201(b) (West 2012). The burden was on the defendants to prove that Wilmington Trust did not have an interest in the note, and they did not produce any admissible evidence in support of their assertion. Accordingly, we conclude that Wilmington Trust's status as the holder of the note was enough to prove it had standing to institute the foreclosure action against the defendants.

¶ 21    That said, we observe that Wilmington Trust also had standing as the assignee of the mortgage. See 735 ILCS 5/15-1208 (West 2012) ("mortgagee" includes any holder of indebtedness

or a person authorized to act on behalf of a holder); *Bayview Loan Servicing, L.L.C. v. Nelson,* 382 Ill. App. 3d 1184, 1188 (2008) (explaining that assignment transfers all right, title, and interest in the mortgage).

¶ 22    In the instant case, Wilmington Trust produced copies of each assignment that preceded it: (1) the original mortgagee, National City Mortgage, a division of National City Bank, assigned the mortgage to National City Mortgage Company, a subsidiary of National City Bank, in June 2007; (2) PNC Bank NA, as successor by merger to National City Bank, then assigned the mortgage to Bank of America, "prior to November 2, 2010:" and (3) Bank of America assigned the mortgage to Wilmington Trust on August 31, 2016.

¶ 23    The defendants nevertheless contend that the chain is missing a link because there is no record that PNC Bank NA's merger with National City Bank included National City Mortgage Company, the subsidiary that held its mortgage. In other words, the defendants maintain that PNC Bank NA "lacked all interest in and could not transfer" their mortgage to Bank of America. The defendants' argument in this regard rests almost entirely on the Second District decision in *Deutsche Bank, National Association as Trustee v. Gilbert*, 2012 IL App (2d) 120164.

¶ 24    The defendants' argument, however, is unavailing for two reasons. First, the defendants do not have their facts straight, as the record contains a document from the Ohio Secretary of State titled "Certificate of Merger," which shows that National City Mortgage Company, the subsidiary that held an interest in the defendants' mortgage, merged with National City Bank effective on October 1, 2008. The record also contains a document showing that National City Bank merged with PNC Bank NA effective on November 6, 2009. Thus, the evidence of record does establish that PNC Bank NA had an interest in the defendants' mortgage.

¶ 25    Second, the defendants' reliance on *Gilbert* is misplaced, considering that this court in *Garner* expressly rejected *Gilbert*'s reasoning on the grounds that it "misplaced the burden of proof." *Garner*, 2013 IL App (1st) 123422, ¶ 28. When a conflict exists between two districts of the appellate court, the circuit court is bound by the authority issued by the district in which the circuit court sits. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 92 (1997). In this case, the circuit court was obligated to follow *Garner* as the circuit court of Cook County sits in the First District.

¶ 26    Accordingly, we reject the defendants' argument that Wilmington Trust lacked standing to pursue its claim.

¶ 27    The defendants next argue that the circuit court erred in granting summary judgment in favor of Wilmington Trust because there were genuine issues of material facts. Specifically, the defendants raise three arguments: (1) there was a genuine issue of material fact as to whether Bank of America, and therefore Wilmington Trust, had an interest in their mortgage or note; (2) Essman's affidavit conflicted with the previously filed affidavit of Adam Cook in such a way that it created a genuine issue of material fact; and (3) Essman's affidavit violated Illinois Supreme Court Rule 191.

¶ 28    Summary judgment is proper where the pleadings, depositions, admissions, and affidavits, viewed in the light most favorable to the nonmoving party, reveal no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2008). Summary judgment is a drastic measure and should only be granted when the moving party's right is clear and free from doubt. See *Mashal v. City of Chicago,* 2012 IL 112341, ¶ 49\.

The entry of summary judgment is reviewed *de novo*. See *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 29    As to the first issue raised by the defendants, we have already concluded that Wilmington Trust had standing to pursue this matter. We therefore turn to their arguments regarding Essman's affidavit. Central to the defendants' contention is the fact that Essman averred in her February 21, 2019 affidavit that PNC Bank NA used Mortgage Services Package (MSP) to record and track mortgage payments, whereas Cook testified in his August 27, 2013 affidavit that PNC Bank NA used Lender Processing Services, Inc. (LPS) to process and store its customer information. According to the defendants, this "conflict" in the two affidavits precluded the entry of summary judgment in favor of Wilmington Trust. We find the argument wholly without merit.

¶ 30    The defendants fail to provide any evidence that there is a tension between the content of the two affidavits. The natural inference one draws when reading the two affidavits is that, at some point between 2013 and 2019, PNC Bank NA switched from using LPS to MSP. This is not, as the defendants argue, a "conflict" in the evidence. That said, even if we did consider it a conflict, the defendants fail to explain the significance of this issue or why it is a material fact beyond a vague accusation that LPS "was embroiled in a fraud scheme." However, "[m]ere speculation is not enough to create a genuine issue of material fact sufficient to survive a motion for summary judgment." *Judge–Zeit v. General Parking Corp.*, 376 Ill. App. 3d 573, 584 (2007); see also *In re Marriage of Palacios*, 275 Ill. App. 3d 561, 568 (1995) ("The mere suggestion that a genuine issue of material fact exists without supporting documentation does not create an issue of material fact precluding summary judgment.").

¶ 31    We likewise find the defendants' argument that Essman's affidavit violated Rule 191 without merit. The defendants maintain that Essman "failed to set out proper foundation and demonstrate adequate firsthand knowledge" regarding how and when documents processed by LPS were "transferred and audited" by MSP to ensure their accuracy. "The form of affidavits used in connection with motions for summary judgment is governed by Supreme Court Rule 191 ***." *Harris Bank Hinsdale, N.A. v. Caliendo*, 235 Ill. App. 3d 1013, 1025 (1992). Rule 191 states that affidavits in support of a motion for summary judgment "shall be made on the personal knowledge of the affiants ***." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). "If, from the document as a whole, it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied." (Internal quotation marks omitted.) *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 756 (2009).

¶ 32    Essman averred in her affidavit that she was an authorized signer for PNC Bank NA—the mortgage servicer for Wilmington Trust—and that through her position she had "personal knowledge" of how records are generated and maintained by PNC Bank NA. She stated that she had been trained on and regularly used the computer systems that keep a record of mortgage payments and the terms of the loans. According to Essman, if records were created by a prior servicer, the prior records "were integrated and boarded in PNC's systems" and that "PNC maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records." After reviewing Essman's affidavit as a whole, we find that her affidavit contained sufficient factual detail to satisfy the requirements of Rule 191. Accordingly, the circuit court did not err when it entered summary judgment in favor of Wilmington Trust.

¶ 33    The defendants' final argument is that the circuit court erred when it denied their various motions to strike several of Wilmington Trust's pleadings on the ground that its attorneys violated Illinois Supreme Court Rule 137.

¶ 34    Rule 137 states, in part: "Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated." Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). According to the defendants, Wilmington Trust filed several pleadings that included an "anonymous signature;" that is, the pleadings did not include the printed name of the attorney who signed the document below the signature. Wilmington Trust responds that, although the signature line of its pleadings does not state the name of the signing attorney directly below it, the pleadings were each signed by an attorney, and therefore, complied with Rule 137.

¶ 35    We review a circuit court's denial of a motion for sanctions for an abuse of discretion. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998) ("The decision whether to impose sanctions under Rule 137 is committed to the sound discretion of the circuit judge, and that decision will not be overturned unless it represents an abuse of discretion."). When reviewing under an abuse of discretion standard, "[w]e consider primarily whether the decision was informed, was based on valid reasoning, and followed logically from the facts." *Panel Built, Inc. v. De Kalb County*, 2019 IL App (2d) 180334, ¶ 42.

¶ 36    Here, we conclude that the circuit court did not abuse its discretion when it denied the defendants' various motions to strike. As mentioned, Rule 137 requires that a motion "shall be signed by at least one attorney of record in his individual name, whose address shall be stated." Reviewing the pleadings at issue in this case, there can be no dispute that the pleadings were all

signed by *someone* and that, printed below the signature line of each pleading, is the phrase "one of plaintiff's attorneys." Moreover, the law firm representing Wilmington Trust, Ira T. Nevel, LLC, is listed just below and to the left of that signature line followed by a list of names, presumably of attorneys who work at the firm, and an address. The defendants put forth no evidence that the signature does not belong to one of the attorneys of record, nor do they cite to any authority to support their contention that Rule 137 requires that the name of the signing attorney be printed immediately underneath the signature line. The circuit court concluded that Wilmington Trust's pleadings did not warrant sanctions under Rule 137, and we cannot say that its decision was uninformed, based on invalid reasoning, or did not follow logically from the facts. We therefore find that the circuit court did not err when it denied the defendants' motions to strike.

¶ 37    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 38    Affirmed.