2025 IL App (1st) 250523-U

Order filed: November 19, 2025

FIRST DISTRICT
THIRD DIVISION

No. 1-25-0523

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| RUSHMORE LOAN MANAGEMENT SERVICES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CH 44234 |
| | ) | |
| LYUBOV MOKHORUK, | ) | Honorable |
| | ) | James A. Wright, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Entry of summary judgment and judgment of foreclosure and sale in favor of plaintiff is affirmed, where pleadings and affidavits filed by plaintiff established its standing and right to judgment in its favor.

¶ 2    Defendant-appellant, Lyubov Mokhoruk, appeals from the entry of summary judgment and a judgment of foreclosure and sale in this mortgage foreclosure action in favor of plaintiff-appellee, Rushmore Loan Management Services. For the following reasons, we affirm.

¶ 3    On October 12, 2010, plaintiff's predecessor in interest filed a complaint to foreclose a mortgage executed in 2008 on a residential property owned by defendant located in Chicago, Illinois. The complaint alleged that no payments had been made since June 2010, and that nearly $320,000 was due and owing. As relevant to this appeal, attached to the complaint were a copy of

the mortgage bearing defendant's signature, and a copy of the note secured by the mortgage, which indicated that it had been electronically signed by defendant on October 29, 2008.

¶ 4     On August 10, 2011, defendant filed her answer and affirmative defense. generally denying several of the allegations and asserting an affirmative defense of defendant's lack of standing based on a purported failure of the complaint to establish a proper chain of assignments of the mortgage and note to plaintiff. Plaintiff filed its reply to defendant's affirmative defense on September 19, 2011, and again on December 2, 2013. Therein, plaintiff asserted that its complaint was properly plead and specifically denied the allegation that it lacked standing.

¶ 5     At some point defendant issued discovery requests to plaintiff. The case was subsequently delayed for several years. During that time, the note and mortgage were repeatedly assigned, and several orders substituting the proper party in interest were entered by the circuit court. Plaintiff's discovery responses were served in June 2023.

¶ 6     On April 24, 2024, plaintiff filed a motion for summary judgment and a motion for judgment of foreclosure and sale, as well as several other related motions. Attached in support of those motions were an "Affidavit of Indebtedness" and a "Loss Mitigation Affidavit," as well as related supporting documentation.

¶ 7     Defendant filed an affidavit on June 7, 2024, pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013), in which she sought additional discovery to respond to the motion for summary judgment. No additional discovery was ultimately completed below. She filed a response to the motion for summary judgment on September 10, 2024, asserting in general that her affirmative defense as to standing remained pending and undisputed by plaintiff, and that the affidavits relied upon by plaintiff failed to comply with relevant Illinois Supreme Court Rules. See Ill. S. Ct. R. 113 (eff. Oct. 1, 2021); Ill. S. Ct. R. 114 (eff. Jan. 1, 2018); Ill. S. Ct. R. 191 (eff. Jan.

4, 2013). Additionally, defendant asserted that she issued discovery requests, but the original note was never produced. Plaintiff filed a reply in support of the motion for summary judgment on October 1, 2024. Plaintiff thereafter sought and was granted leave to file a sur-reply to "present additional documents in connection with Defendant's signature on the Subject Note." Plaintiff filed its sur-reply on December 31, 2024, attaching the Uniform Residential Loan Application signed by defendant, the HUD-1 Settlement Statement acknowledging the loan amount and disbursement of funds to pay off the prior mortgage, and an Electronic Record Controller History purporting to confirm plaintiff's control of an eNote electronically signed by plaintiff. Defendant then filed a sur-response on January 24, 2025.

¶ 8       On March 11, 2025, summary judgment was granted and a judgment for foreclosure and sale was entered in favor of the plaintiff, with the circuit court specifically noting in its order that: "the Court hearing additional oral argument, being fully advised in the premises and noting no counter-affidavits were filed in response to Plaintiff's Motion for Judgment for Foreclosure and Sale and supporting affidavit." In the order, the circuit court also made a finding as to appealability pursuant to Illinois Supreme Court Rule 304(a) (eff. March 8, 2016). Defendant timely appealed.

¶ 9       Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2024). A genuine issue of material fact exists "where the material facts are disputed or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. In determining whether a question of material fact exists, the reviewing court must construe the materials of record strictly against the movant and liberally in favor of the nonmoving party. *Id*. Although a drastic means of disposing of litigation, summary judgment remains an appropriate

measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009).

¶ 10 An order granting a motion for summary judgment is subject to a *de novo* standard of review. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 309 (2010). This court may, therefore, affirm the judgment of the circuit court on any basis that appears in the record, regardless of whether the circuit court relied upon that basis or whether the circuit court's reasoning was correct. *Retirement Plan for Chicago Transit Authority Employees v. Chicago Transit Authority*, 2020 IL App (1st) 182510, ¶ 34.

¶ 11 On appeal, defendant makes several arguments as to why summary judgment and a judgment of foreclosure and sale were improperly entered in favor of plaintiff, all of which we reject.

¶ 12 Defendant first contends on appeal that summary judgment was improperly granted to plaintiff because plaintiff's failure to produce a signed copy of the note along with defendant's challenges to the validity of the electronically signed note attached to the complaint created a genuine issue of material fact. We disagree.

¶ 13 As an initial matter, in the complaint plaintiff alleged that the attached mortgage and note were true and correct copies of the original documents. Defendant never specifically denied this allegation in her answer and affirmative defense. These allegations are therefore admitted. Section 15-1504 of the Foreclosure Law (735 ILCS 5/15-1504 (West 2024)) sets forth a form complaint which many plaintiffs, including plaintiff here, use virtually verbatim. Under subsections (c), (d), and (e) of that section, if the complaint is "substantially" in the specified statutory form, the allegations in the complaint "are deemed and construed" to also include 12 more statutorily specified allegations. Among these additional allegations, set forth in section 15-1504(c), are:

"(1) that, on the date indicated, the obligor of the indebtedness or other obligations occurred by the mortgage was justly indebted in the amount of the indicated original indebtedness to the original mortgage or payee of the mortgage note;

(2) that the exhibits attached are true and correct copies of the mortgage and note and are incorporated and made a part of the complaint by express reference[.]" 735 ILCS 5/15-1504(c) (West 2024).

By failing to deny these presumed allegations, defendant admitted the authenticity of the copy of the mortgage and note attached to the complaint. *Parkway Bank & Tr. Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 43; *see also*, 810 ILCS 5/3-308(a) (West 2024) ("In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings.").

¶ 14    Moreover, in asserting the existence of a genuine issue of material fact defendant relies upon her purported claim that she "has never signed a promissory Note regarding this subject property—in ink or electronically." However, this specific claim was never raised below in defendant's affirmative defense or in the Rule 191(b) affidavit filed by defendant in June 2024. It was not until she filed her response to the motion for summary judgment that this contention was raised, and no affidavit or other evidence in support of this claim was filed below. In contrast, plaintiff's motion for summary judgment was supported by the affidavits attached to the original complaint. "When a party moving for summary judgment files supporting affidavits containing well-pleaded facts, and the party opposing the motion files no counter-affidavits, the material facts set forth in the movant's affidavits stand as admitted. [Citation.] The opposing party may not stand on his or her pleadings in order to create a genuine issue of material fact." *Korzen*, 2013 IL App (1st) 130380, ¶ 49. Considering the pleadings, documents, and affidavits filed below, we conclude

that defendant has not established a genuine issue of material fact as to this issue so as to preclude summary judgment.

¶ 15    Defendant next contends that summary judgment was improperly granted to plaintiff because one of the affidavits plaintiff relied upon failed to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). We again disagree,

¶ 16    Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) generally provides that affidavits in support of a motion to dismiss or a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."

¶ 17    Furthermore, "[i]n civil cases in Illinois, the basic rules of evidence require a proponent of documentary evidence to lay a foundation for the introduction of that document into evidence." *Anderson v. Human Rights Comm'n*, 314 Ill. App. 3d 35, 42 (2000). "Evidence must be presented to demonstrate that the document is what its proponent claims it to be." *Id*. at 42. "Without proper authentication and identification of the document, the proponent of the evidence has not provided a proper foundation, and the document cannot be admitted into evidence." *Id*. This requirement may be met by providing an affidavit or by presenting testimony. *Cordeck Sales, Inc. v. Construction Systems, Inc*., 382 Ill. App. 3d 334, 384 (2008).

¶ 18    Here, plaintiff challenges the "Affidavit of Indebtedness" attached to the complaint, which was executed by Belkis Carames. Specifically, defendant contends that:

"The affidavit produced by the Plaintiff does not meet the requirements of Rule 191(a). [Her] statements are not based on [her] personal knowledge. They provide little factual detail regarding the amounts due and owing, which are disputed by the Defendant in this case. The original loan in this case was allegedly issued by AmTrust Bank, but the affiant fails to explain the method in which this loan was transferred to the subsequent servicer. Similarly, the affidavit provides no firm evidence of the transfer from Nationstar Bank to Rushmore Loan Management Services LLC, the Plaintiff. The prior lender records, transfer documents, and correspondence are not provided. The affidavit claims a non-itemized request for interest in the amount of $304,112.73, and other charges which include $86,994.52 in "Escrow Advance". The affidavit fails to properly itemize or explain these amounts. The affiant refers to the prior records of other servicers, but none of those records are attached to the affidavit. In short, the affidavit completely fails to comply with Rule 191(a) and so cannot support entry of summary judgment."

We disagree.

¶ 19    To begin with, we reject defendant's contention that the Carames affidavit was not based upon her personal knowledge. "An affidavit satisfies the requirements of Rule 191(a) if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents." (Internal quotation marks omitted.) *Madden v. F.H. Paschen/S.N. Nielson, Inc*., 395 Ill. App. 3d 362, 386 (2009). Carames averred in her affidavit that she is employed as Assistant Secretary of Nationstar Mortgage LLC, the servicer for plaintiff, and is authorized to make the affidavit. She affirms that she has personal knowledge of the facts stated therein, has reviewed the relevant business records, and is familiar with the systems used to maintain those records. She also specifically averred that:

1) the records were made at or near the time of the transactions by persons with knowledge thereof; 2) they are kept in the regular course of business using a standard mortgage servicing platform; and 3) that Nationstar began servicing the loan on October 6, 2023, after the loan was in default, and incorporated prior servicer records into its own system in the ordinary course of business. We find these averments sufficient to satisfy the requirements of Rule 191(a).

¶ 20    We also reject plaintiff's contention that this affidavit itself fails to provide sufficient evidence of the various assignments leading to plaintiff being the current, proper party in interest with standing to prosecute this foreclosure action. As noted above, in this matter several orders substituting the proper party in interest were entered by the circuit court. Each order was entered pursuant to a motion filed by plaintiff, and each such motion was supported by a notarized assignment. Defendant has never challenged these motions or the authenticity of any of these assignments.

¶ 21    Nor do we accept defendant's challenge to the Carames affidavit because it is not supported by records from prior note holders or servicers. Illinois courts have consistently held that a successor servicer may rely on records created by a predecessor without independently establishing the predecessor's recordkeeping practices. *Bank of America v. Land*, 2013 IL App (5th) 120283, ¶ 14; *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 20.

¶ 22    Finally, we reject defendant's contention that the Carames affidavit failed to adequately establish the amounts due and owing. First, the affidavit provides specific amounts due, and those amounts are supported by over 120 pages of documents, including itemized escrow advances, corporate advances, and detailed loan and payment histories. Moreover, defendant did not submit a counteraffidavit contradicting plaintiff's affidavit regarding the balance of the loan, and under these circumstances, the circuit court rightfully relied on plaintiff's calculations when entering

summary judgment. See *In re Marriage of Palacios*, 275 Ill. App. 3d 561, 568 (1995) ("The mere suggestion that a genuine issue of material fact exists without supporting documentation does not create an issue of material fact precluding summary judgment.").

¶ 23    In sum, plaintiff's motions were properly and sufficiently supported, defendant's challenges on appeal are not availing, and therefore we affirm the orders awarding summary judgment and a judgment of foreclosure and sale in favor of plaintiff.

¶ 24    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 25    Affirmed.