2024 IL App (1st) 230596-U

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

No. 1-23-0596

FOURTH DIVISION
Filed April 25, 2024

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, in Trust for the Registered Holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW1, | ) ) ) |
| | ) Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) of Cook County |
| | ) |
| v. | ) No. 2015 CH 03565 |
| | ) |
| JUSTIN H. KNOPP, UNKNOWN OWNERS, and NON RECORD CLAIMANTS, | ) Honorable ) Marian E. Perkins, ) Judge, presiding. |
| Defendants | ) ) |
| (Justin H. Knopp, Defendant-Appellant). | ) |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the judgment and order confirming sale in this mortgage foreclosure action where defendant failed to rebut Wells Fargo's *prima facie* showing it had standing to foreclose.

¶ 2    Defendant Justin Knopp, *pro se*, appeals the circuit court's order granting summary judgment in favor of plaintiff Wells Fargo Bank, N.A., as Trustee, in Trust for Registered Holders of Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-WCW1 (Wells Fargo), and from the order confirming judicial sale of the property. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4    On March 25, 2005, Knopp obtained a mortgage secured against his home from Argent Mortgage Company, LLC. Argent later assigned the mortgage to Wells Fargo on January 10, 2012. The assignment was recorded with the Cook County Recorder of Deeds on January 26, 2012.

¶ 5    On March 3, 2015, Wells Fargo filed a complaint to foreclose the mortgage. Wells Fargo attached to the complaint copies of the mortgage and the promissory note, both bearing Knopp's signature. Wells Fargo also attached a copy of the assignment from Argent. Knopp filed his answer and asserted affirmative defenses, including that Wells Fargo did not have standing to bring the foreclosure action, and counterclaims.

¶ 6    On July 12, 2018, Wells Fargo filed a motion to dismiss Knopp's affirmative defenses and counterclaims. Knopp filed a response to the motion to dismiss, which included a declaration of his expert witness.

¶ 7    On November 9, 2018, Knopp filed a motion for summary judgment arguing Wells Fargo lacked standing. The circuit court denied Knopp's motion for summary judgment and granted Wells Fargo's motion to dismiss Knopp's affirmative defenses and counterclaims. On December 12, 2018, the circuit court found "that Defendant [had] failed to demonstrate that Plaintiff lack[ed] standing; and that Plaintiff [had] standing to proceed with the claim."

¶ 8    On December 13, 2018, Knopp filed a motion for clarification and judicial intervention, which, in essence, was a motion to reconsider the court's December 12, 2018 order. During the hearing on Knopp's motion, Wells Fargo tendered the original note for inspection by the court and Knopp. Knopp acknowledged that "[i]t look[ed] like [his] signature." The circuit court denied Knopp's motion.

¶ 9    On May 20, 2019, Wells Fargo filed a motion for summary judgment. Knopp filed a second motion for summary judgment alleging that Wells Fargo lacked standing, Wells Fargo was not in compliance with the Pooling and Servicing Agreement (PSA), New York law must be applied according to the PSA, the assignment of the mortgage was not valid, Wells Fargo failed to meet conditions precedent, the statute of limitations had run, and Wells Fargo engaged in "unclean hands" in connection with the transaction.

¶ 10    On January 22, 2020, the circuit court granted summary judgment in favor of Wells Fargo and denied Knopp's motion for summary judgment. On August 10, 2020, Knopp filed a motion to deny Wells Fargo's motion for judgment of foreclosure and to vacate the order granting summary judgment. Knopp's motion was denied, and the circuit court entered a judgment of foreclosure and sale.

¶ 11    On June 6, 2022, Knopp filed a request for admission of facts related to the trust, the PSA, and the mortgage and its assignment. Wells Fargo filed a motion to quash, which the circuit court granted. On July 18, 2022, Knopp filed another request for admission of fact. Once again, Wells Fargo filed a motion to quash, which the circuit court granted.

¶ 12    After selling the property, Wells Fargo filed a motion to approve the judicial sale, which the circuit court granted on March 7, 2023.

¶ 13    This appeal was timely filed.

¶ 14                                    ANALYSIS

¶ 15                          I. Supreme Court Rule 341

¶ 16    As a preliminary matter, we address Wells Fargo's arguments that portions of Knopp's brief failed to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Procedural rules governing the content and form of appellate briefs are mandatory. *In re Marriage of Hluska,* 2011 IL App (1st) 092626, ¶ 57. *Pro se* litigants are held to the same standards as attorneys. *People v. Ricardson*, 2011 IL App (4th) 100358, ¶12. Parties choosing to represent themselves are "presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009).

¶ 17    Rule 341 governs the form and content of appellate briefs. Ill. S. Ct. R. 341 (eff. Oct. 1, 2020). Rule 341(h)(6) states that an appellant's brief should contain a statement "of facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, Knopp's statement of the facts does not cite to the record on appeal, and it contains arguments regarding issues from the foreclosure action.

¶ 18    Despite these deficiencies, we are able to discern three issues raised by Knopp's brief: (1) standing, (2) choice of law, and (3) the circuit court's decision to quash the requests for admission. Because the lack of compliance with Rule 341(h) does not preclude our review, we will consider the merits of those issues. See *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (reviewing court may choose to review the merits of an appeal despite noncompliance with Rule 341).

¶ 19                                    II. Standard of Review

¶ 20    Knap is appealing the circuit court's order granting Wells Fargo summary judgment and the order confirming the judicial sale of the subject property.

¶ 21    Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (2020). Summary judgment is a drastic remedy and should be granted only where the movant's right is "so clear as to be free from doubt." *Community Bank of Greater Peoria v. Carter*, 282 Ill. App. 3d 505, 508 (1996). We review a trial court's entry of summary judgment is *de novo*. *Id*.

¶ 22    With respect to the order confirming the sale, the party opposing the foreclosure has the burden of proving that sufficient grounds exist to disprove the sale. *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 14. Circuit courts have broad discretion in deciding to approve or disapprove judicial sales. 735 ILCS 5/15-1508(b) (West 2020). Review is for an abuse of that discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008).

¶ 23                                III. Standing and Choice of Law

¶ 24    On appeal, Knopp contends that the circuit court lacked jurisdiction because Wells Fargo did not have standing. Additionally, Knopp argues that the circuit court erred when it did not apply New York law with respect to the PSA.

¶ 25    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). Under the Illinois Mortgage Foreclosure Law (Foreclosure Law), a mortgage foreclosure action may be filed by the holder of the debt secured by the mortgage, an agent of the

debtholder, or a successor to the mortgagee. 735 ILCS 5/15-1208 (West 2020) (defining "mortgagee"); *id.* § 15-1504(a)(3)(N).

¶ 26    To establish a *prima facie* case, the plaintiff must file a complaint that complies with the requirements of section 15-1504 of the Foreclosure Law and must attach a copy of the note and mortgage to the complaint. 735 ILCS 5/15-1504(a), (b) (West 2020). The fact that the plaintiff attached a copy of the note to the complaint is *prima facie* evidence that the plaintiff owns the note. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. Once the plaintiff had established a *prima facie* case for foreclosure, the burden shifts to the defendant to prove any affirmative defenses, including lack of standing. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 25.

¶ 27    Wells Fargo established a *prima facie* case for mortgage foreclosure and its complaint was both legally and factually sufficient and included allegations relating its standing. 735 ILCS 5/15-1504(a), (b) (West 2020). Wells Fargo attached the mortgage, the note, and assignment to the complaint. Additionally, based on the record, Wells Fargo also brought the note to court and tendered it to Knopp for inspection. The burden then shifted to Knopp to establish his affirmative defense that Wells Fargo lacked standing to enforce the mortgage. *Rosestone Investments, LLC*, 2013 IL App (1st) 123422, ¶ 25.

¶ 28    Here, Knopp failed to meet his burden to establish that Wells Fargo lacked standing. Knopp argues Wells Fargo's "submission of the 'Limited Power of Attorney' (LPOA) on June 27, 2019, stripped Plaintiff of standing." Knopp also argues the circuit court erred when it did not consider expert testimony to determine if Wells Fargo had standing and that Wells Fargo was not properly assigned the note. Knopp did not present any evidence to rebut Wells Fargo's *prima facie* evidence that it had standing. See *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st)

130023, ¶ 12 ("If defendants meant to contend that a party other than [the plaintiff] was the 'rightful' holder of the note, it was their obligation to present evidence that would support their contention.").

¶ 29    Knopp further argues that Wells Fargo was not in compliance with the PSA for the trust and that the circuit court erred when it did not apply New York law as required by the PSA.

¶ 30    In *Bank of America Ass'n v. Bassman FBT, L.L.C.*, 2012 IL App (2d) 110729, the defendant made arguments similar to Knopp's. On appeal, the defendant argued the plaintiff did not have standing to foreclose on the mortgage because of noncompliance with the pooling and serving agreement and that New York law should be applied instead of Illinois law. *Id.* ¶¶ 2, 7. The defendant stated "that New York law is the 'governing law for the PSA under its own choice of law provisions.' " *Id.* ¶ 7. We held that "under Illinois law an entity that is not party to a contract cannot typically invoke a choice-of-law provision contained in the contract." *Id.* ¶ 8. Therefore, the defendant could not invoke the choice of law provision of the PSA. *Id.* ¶ 9. Further, a defendant "lack[ed] standing to attack an assignment to which he or she is not a party." *Id.* ¶ 15. Even if the transfer was in noncompliance with the PSA, the assignment is voidable, not void. *Id.* ¶ 21.

¶ 31    Regardless of any defect in the assignment of the mortgage to Wells Fargo, it acquired the mortgage when it acquired the note. See *Federal National Mortgage Ass'n v. Kuipers*, 314 Ill. App. 2d 631, 639 (2000) ("[T]he assignment of the mortgage note is sufficient to transfer the underlying mortgage.") Any noncompliance with the PSA made the assignment voidable, not void, and Knopp lacks standing to challenge the assignment of the mortgage to Wells Fargo. *Bassman FBT*, 2012 IL App (2d) 110729, ¶ 21.

¶ 32    Here, Wells Fargo established standing by providing the mortgage, assignment, and note. Knopp failed to provide any evidence to sufficiently rebut its standing. Because Knopp failed to raise an issue of material fact as to Wells Fargo's standing, summary judgment was proper.

¶ 33                                IV. Rule 216

¶ 34    Finally, Knopp argues the circuit court erred when it denied his request for admission under Illinois Supreme Court Rule 216(a) (eff. July 1, 2014) and granted Wells Fargo's motion to quash the request.

¶ 35    "In Illinois, mortgage foreclosure cases are bifurcated. The main part of the case is resolved when the circuit court enters a judgment of foreclosure and sale." *Parkway Bank*, 2023 IL App (1st) 130380, ¶ 60. Following foreclosure being entered, "discovery is generally not available because it becomes irrelevant, except as it may relate to some narrow issue regarding the conduct of the actual sale." *Id.*

¶ 36    Rule 216(a) allows a party to "serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request." Ill. S. Ct. R. 216 (eff. July 1, 2014). We review the circuit court's treatment of judicial admissions for an abuse of discretion. *Serrano v. Rotman*, 400 Ill. App. 3d 900, 907 (2011).

¶ 37    Following the circuit court's order granting summary judgment in favor of Wells Fargo, Knopp filed a request to admit facts. The facts included requests related to the trust, the PSA, and the mortgage and its assignment. Since the information sought by Knopp was not relevant to the case as the issues had already been adjudicated, the circuit court did not abuse its discretion when it quashed Knopp's requests to admit facts.

¶ 38                           CONCLUSION

¶ 39     For the reasons set forth above, we affirm the judgment of the circuit court.

¶ 40     Affirmed.